MORRIS HOCHREICH, Plaintiff, *v.* AMALGAMATED LAUNDRIES, INC., Defendant.

Supreme Court, Bronx County, February 8, 1930.

*Bernard S. Deutsch,* for the plaintiff.

*Alley & Geer,* for the defendant.

CALLAHAN, J. Plaintiff moves for judgment on the pleadings pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice, and for partial summary judgment pursuant to rules 113 and 114 of the Rules of Civil Practice with respect to the first cause of action in his complaint.

The denials in the answer are sufficient to defeat the motion as one for judgment on the pleadings. Considering the motion as one for partial summary judgment it appears that as to the first cause of action the answer contains denials, a first separate defense, and a second separate defense, which is also pleaded as a counterclaim. A reply to the first separate defense has been served by order of the court. The defendant heretofore moved for judgment on the pleadings dismissing the first cause of action. This motion was denied, and the denial affirmed on appeal.

Plaintiff now contends that the effect of the denial of said motion was to declare the first defense insufficient. I cannot agree with that interpretation of the prior ruling. The effect of said ruling was to hold that the first cause of action was a good one, and not completely met and overcome by the first defense,

in light of the statements contained in plaintiff's reply. The second defense and counterclaim herein is only a partial defense or setoff as to the first cause of action. There are no facts in the affidavits supporting the denials, and plaintiff is, therefore, entitled to partial judgment, unless the first defense is a complete defense to the first cause of action, and the affidavits justify granting summary judgment. The first cause of action is one to recover $15,000, an amount agreed by defendant to be paid to the plaintiff for the repurchase of certain stock on the happening of a certain event. This agreement was made in connection with the purchase of a corporation of which plaintiff was a stockholder, known as the Blue Diamond Laundry, Inc. The contract of purchase provided that, in return for plaintiff selling his stock in said Blue Diamond Laundry, Inc., the defendant would issue certain of its own stock to plaintiff. Defendant contracted to employ plaintiff for a fixed period of time, with the understanding that defendant would repurchase its own stock from the plaintiff for $15,000 whenever plaintiff's employment was terminated. It is conceded that the latter event has occurred.

This plaintiff heretofore brought an equitable action for a judgment of rescission, claiming that he was induced to enter into the contract for the sale of his stock through defendant's fraud. The first defense herein sets forth the bringing of said prior action of rescission, and contends that it amounted to an irrevocable election of remedies by the plaintiff, which prevents him from bringing the present suit for damages based on an affirmance of the contract. Plaintiff's reply sets forth that after the institution of the prior action for rescission plaintiff learned for the first time certain facts detailed in the reply, which show that his claim of fraud was unfounded. It further alleges that on the ascertainment of said facts plaintiff duly discontinued his prior action by order of the court. If, at the time of the bringing of the first action, plaintiff had knowledge of the true facts, and they constituted the basis of a right on his part to rescind the contract for fraud, and he chose to bring the action in rescission, the bringing of such action would amount to an irrevocable election of remedies, as plaintiff would be bound by the remedy which he first chose. (*Whalen* v. *Stuart*, 194 N. Y. 495, 496; *Schenck* v. *State Line Telephone Company*, 238 id. 308; *Clark* v. *Kirby*, 243 id. 295.)

Where, however, the remedy first chosen is insufficient, or inadequate, or useless, the rule of election of remedies does not bar the plaintiff from taking other timely methods to obtain his rights. (*Schenck* v. *State Line Telephone Company, supra; Clark* v. *Kirby, supra; United States* v. *Oregon Lumber Company,* 260

U. S. 290.) Whether or not the bringing of the first action herein amounted to such an election of remedies would, therefore, appear to depend on whether representations had been made to plaintiff which were false and afforded plaintiff the basis of a right to rescind the contract, or whether plaintiff was mistaken as to the truth concerning his claim of fraud in the first suit.

Defendant's offer of judgment made pursuant to section 177 of the Civil Practice Act, in the prior action, wherein it offered to permit plaintiff to obtain all the relief sought for in the prior complaint, in no wise affected the question of election of remedies. The statute provides that the sole effect of the failure to accept an offer of judgment is to deprive the plaintiff of his right to costs. In contradiction of the claim in his first complaint that ground for rescission existed at the time when he brought his prior action, plaintiff now states in his reply that such situation did not exist, and that plaintiff was mistaken with respect thereto when the first action was brought. It, therefore, appears that the first defense is a complete one, and the pleadings in this case show the existence of questions of fact to be determined on the trial of this action.

While rule 113 requires that the defendant must set forth by affidavit or other proof the facts showing that he is entitled to defend, it also requires plaintiff to verify his cause of action by affidavit. Plaintiff's moving affidavit is entirely barren of any facts tending to show the existence of matters in avoidance of the alleged election of remedies. Under the circumstances, I do not think that a defendant should be required to dispute the new matter appearing in the reply any further than the present defendant has done. As a matter of pleading, the new matters set forth in reply are impliedly denied. They are almost entirely allegations concerning plaintiff's knowledge of certain facts on the date of the commencement of the prior action. To cast upon the defendant on this motion the burden of proving the extent of plaintiff's knowledge would be unfair, and, in my opinion, is not required under the rules. If plaintiff's verifying affidavit showed facts supporting his reply, then defendant on a motion for summary judgment might be required to negative the facts claimed in said reply and the verifying affidavit. This situation does not exist here. It appearing to my satisfaction that there is a triable issue, motion for summary judgment is likewise denied.

Motion in all respects denied. Order signed.