" MARTINA TROW ", Petitioner, *v.* " RICHARD TROW ", Respondent.*

Domestic Relations Court of the City of New York, Family Court, New York County, February 10, 1948.

*Cornelius McDougald* for petitioner.

*Zimmerman & Zimmerman* for respondent.

* Fictitious names used herein for the purpose of publication.

LEVY, J. When is a divorce granted by one State valid in another State? Even a Justice of the United States Supreme Court has declared himself baffled to definitely answer this query.

The petitioner, " Martina Trow ", divorced her husband, " Antone " in Maryland. He appeared in that action. She then married " Richard " who now charges the Maryland divorce is invalid and therefore his marriage to " Martina " void. The cases of *Shea* v. *Shea* (270 App. Div. 527), *Senor* v. *Senor* (272 App. Div. 306), *Glaser* v. *Glaser* (276 N. Y. 296) and *Krause* v. *Krause* (282 N. Y. 355), all go into the validity of a divorce decree granted by a sister State.

But the time may come when these decisions will be amplified by legislative enactment codifying the law and making clear when divorces of sister States will be recognized and be binding on parties, direct and collateral.

The petitioner came to the Domestic Relations Court asking for support for herself and her two and one-half-year-old child. It awarded her for herself and child $30 semimonthly. She later went to the Supreme Court, county of New York, and asked for a separation from " Richard ". In that action she requested alimony and counsel fees. " Richard " counterclaimed for an annulment of his marriage to her contending the Maryland decree was void. Thus arises an interrogation as to the validity of the Maryland decree. As to that the learned Special Term intimated grave doubt. Concluding her action would be unsuccessful, it denied her request for counsel fees and alimony. However, the Supreme Court has not yet passed final judgment on the merit of the Maryland divorce.

Her husband " Richard " now applies to the Domestic Relations Court to rescind its order, asserting that his wife in going into the Supreme Court elected that forum to litigate her issue and lost any rights she may have had in the Domestic Relations Court.

The doctrine of election between inconsistent remedies consists in holding a party to the remedy taken in cases where there is a choice between two remedies, which proceed on opposite and irreconcilable claims of right. (13 Abb. N. Y. Digest, Election of Remedies, § 1.) A party is entitled to prosecute all the concurrent and consistent remedies he may legally have. The common law furnished a very meagre system of remedies utterly insufficient for the needs of a civilization advancing beyond the domination of feudal ideas. (1 Pomeroy's Equity Jurisprudence, § 23.) Election of remedies is largely a rule of policy to prevent vexatious litigation (*Clark* v. *Kirby*, 243 N. Y. 295).

".

The rule that election of one of two or more inconsistent remedies, for some wrong, bars other remedies is a harsh one, which must not be extended or become more important than its purpose of preventing vexatious litigation. (*Lumber Mut. Cas. Ins. Co. of N. Y.* v. *Friedman*, 176 Misc. 703.)

Where remedy chosen is insufficient or useless, rule of election of remedies does not apply. (*Hochreich* v. *Amalgamated Laundries, Inc.*, 136 Misc. 507.)

This court does not agree with respondent's contention. Further weakness of his argument is that the petitioner in fact elected the Domestic Relations Court as her forum because she first came into that court for relief and only later went into the Supreme Court. If, therefore, there was any election of forum the Domestic Relations Court was the one elected. The Supreme Court having concurrent jurisdiction might have denied her request for alimony on that ground.

The husband raises a second point, to wit., that under New York City Domestic Relations Court Act (L. 1933, ch. 482, § 92, subds. [1], [9]) support should be granted to the petitioner, his wife, only upon a public charge basis. The contention ignores the fact that when this court made its order there was no action pending in the Supreme Court and therefore support upon a means basis was fully justified.

It may be that the final judgment in the Supreme Court on the validity of the Maryland divorce or in the event of an appeal, by the Appellate Division may require the Domestic Relations Court to modify its order for the support of the petitioner. In that event provision will still have to be made for the support of the child by respondent. To avoid unnecessary litigation, this court makes additional provision to meet such a contingency. Therefore, while this court declines to modify the order of the Honorable Matthew J. Diserio now in force for the support of the petitioner and child, if support to the petitioner is denied the following provision is made for the child's support.

The husband is a member of the New York City uniformed police force and earns $65 weekly. What shall he pay for the support of his child? His counsel suggests $9 a week; petitioner's counsel, $15 a week. This court fixes the amount of $26 semimonthly for the support of the child only, upon a means basis, the first payment to commence from the day that the order may be modified, so that the support of the wife is no longer warranted by reason of an adverse determination against

her by the Supreme Court. In addition the respondent to pay any medical expenses required for the child.

The arrears having been fixed upon the trial as $90 as of December 22, 1947, it is directed that these arrears be paid by the respondent $10 semimonthly, first payment February 16, 1948.