STIEFEL v. NEW YORK NOVELTY CO. et al.

(Supreme Court, Appellate Division, First Department. February 12, 1897.)

1. EQUITY—OBJECTION TO PLEADING—HOW RAISED.
    The objection that a complaint does not state an equitable cause of action must be raised by answer or demurrer, and cannot be made by motion to dismiss the complaint.

2. SAME—RECEIVERS—ACTION FOR PREFERENTIAL PAYMENTS.
    An equitable cause of action is stated by a complaint by the receiver of an insolvent corporation asking for an accounting from persons to whom the corporation has made preferential transfers, and for an injunction restraining them from disposing of the property pendente lite, though the property transferred consists wholly of notes and money; Laws 1892, c. 688, § 48, providing that any persons receiving preferential transfers from an insolvent corporation must account therefor to its trustees or creditors.

3. SAME—RETAINING JURISDICTION TO GRANT LEGAL RELIEF.
    When equity has assumed jurisdiction of an action of an equitable nature, the action should not be dismissed merely because it appears that only legal relief can be granted.

Appeal from special term, New York county.

Action by Mortimer Stiefel, as receiver of the New York Novelty Company, against the New York Novelty Company and others. From a judgment dismissing the complaint, entered on a decision of the trial judge, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Edgar J. Lauer, for appellant.
Edwin T. Taliaferro and Benjamin Tuska, for respondents.

WILLIAMS, J. The complaints were dismissed at the trial, on the motion of the defendants, without any evidence being taken. The two actions were, by order of the court, consolidated and to be tried as one, upon their respective pleadings already made. The amended complaint in the action against Sophia and Isabella Schwab alleged that on and prior to July 17, 1894, the defendant company was a domestic manufacturing corporation; that on July 25, 1894, in an action in the superior court, New York, wherein Frank King was plaintiff, and the defendant company was the defendant, plaintiff was, by order, appointed temporary receiver of the property of the defendant company, and duly qualified as such, and executed and filed his bond as required by the order; that on the 14th of September, 1894, by the final decree in the same action, plaintiff was appointed permanent receiver of the defendant company, and is now acting as such receiver; that on July 17, 1894, the defendant company confessed judgment to one Edward P. Hatch, and, under such judgment and an execution issued thereon, the plaintiff took possession of the tangible assets of the defendant company, and caused them to be sold at auction; that on July 16, 1894, the defendant company, while insolvent and in contemplation of insolvency, and with intent to give a preference to the defendant Sophia Schwab, paid to her $5,950; that, at the time of such payment, Sophia Schwab was a shareholder and otherwise inter-

ested in the corporation; that on July 16, 1894, the defendant company, while insolvent and in contemplation of insolvency, and with intent to give a preference to the defendant Isabella Schwab, paid to her $13,500; that, at the time of such payment, Isabella Schwab was a shareholder and otherwise interested in the corporation; that, when these payments and preferences were made, the corporation had refused payment of its notes and other obligations, and such payments were made by the defendant company, and accepted by the defendants Sophia and Isabella Schwab, with intent to hinder, delay, and defraud the creditors of the defendant company, and in violation of the statute respecting payments by domestic corporations. And judgment was demanded that such payments be declared made in violation of the statute, in fraud of creditors, and null and void; that the defendants Sophia and Isabella Schwab be compelled to account for the moneys so received by them, and be directed to turn same over to the plaintiff; that they be enjoined pending the action from disposing of the moneys, except to the plaintiff; and for such other relief as might be just. The complaint in the action against Ada Schwab was of similar import, except that the property transferred to this defendant was alleged to be the notes of third parties, of the value of $2,500, and there were some other allegations in the complaint not found in the former one referred to. It was upon these complaints that the motion to dismiss was made.

The ground upon which the court granted the motion, and dismissed the complaints, was that the causes of action were not equitable in their nature, but were merely for money paid and received in violation of a statute. This was not a sufficient ground for the dismissal of the complaints. It is well settled that this question must be raised by answer or demurrer, and cannot be raised for the first time at the trial. Town of Mentz v. Cook, 108 N. Y. 504, 15 N. E. 541; Ostrander v. Weber, 114 N. Y. 95, 102, 21 N. E. 112; Hyatt v. Ingalls, 124 N. Y. 93, 105, 26 N. E. 285; Watts v. Adler, 130 N. Y. 646–648, 29 N. E. 131; Williamsburgh Sav. Bank v. Town of Solon, 136 N. Y. 465, 473, 32 N. E. 1058; Lough v. Outerbridge, 143 N. Y. 271–276, 38 N. E. 292. These cases, we think, lay down the rule clearly applicable to this case. Other cases are cited by counsel, but they are distinguishable from this case and the cases above cited, and we think are not applicable here. There was a waiver by the defendants of the right to try these actions as actions at law by the failure to raise the question by demurrer or answer. We think, moreover, that the learned trial judge erred in holding that the causes of action alleged in the complaints were not equitable in their nature. The actions were brought to set aside illegal transfers of trust property, and to recover such property. The transfers were not only alleged to have been made in contravention of the statute, section 48, c. 688, Laws 1892, which provided, among other things, that "every person receiving, by means of any such prohibited act or deed, any property of the corporation, shall be bound to account therefor to its creditors or stockholders or other trustees," but were also alleged

to have been made in fraud of creditors. It is well· settled that the assets of a corporation constitute a trust fund for the payment of creditors and stockholders. Bartlett v. Drew, 57 N. Y. 587; Cole v. Iron Co., 133 N. Y. 164, 30 N. E. 847.

An action to set aside such illegal transfers made in contravention of the statute and in fraud of creditors, and to recover such assets, is a well-recognized subject of equity jurisdiction. In this case the property transferred was money and notes, but the plaintiff was entitled to the same relief as in case of the transfer of real estate or personal property other than moneys and notes. The relief asked for was entirely proper: (1) That the transfers of the money and the notes be declared void; (2) that the money and notes be accounted for and turned over by the defendants to the plaintiff; (3) that the plaintiff hold the money and property subject to the order of the court; (4) that injunctions be granted restraining defendants from disposing of the property; (5) for such further relief as might be just and equitable. If these actions had related to real property or specific articles of personal property, it could not be doubted that the suits were properly in equity. There can be no distinction by reason of the property being money and notes. The plaintiff could not be limited to a money judgment against the defendants. The actions and the relief sought therein were in their nature equitable, and the court, having taken jurisdiction of the actions as equitable, was not justified in dismissing the complaints, even if it appeared that the only relief practical was the awarding of money judgments.

It was said in Dudley v. Congregation, 138 N. Y. 459, 34 N. E. 283:

"When facts are made out which bring the case within the general jurisdiction of equity, the court will not allow the case to fail because the specific relief prayed for is no longer practical, but in such case, as a substitute for the relief demanded, will award an equivalent in damages, thus ending the controversy, instead of sending the parties to a court of law for that purpose,"—citing Valentine v. Richardt, 126 N. Y. 277, 27 N. E. 255; Lynch v. Railway Co., 129 N. Y. 274, 29 N. E. 315; Van Rensselaer v. Van Rensselaer, 113 N. Y. 213, 21 N. E. 75.

It is apparent, therefore, that the decision ordering judgment upon the ground stated therein was erroneous. It is said, however, that the judgment should not be reversed, but the decision should be sustained upon another ground, not considered or relied upon by the court, to wit, that the actions were brought while the plaintiff was merely a temporary receiver, and before his appointment as permanent receiver, and that he could not maintain the action in his capacity as temporary receiver. This question seems to have been determined by the court of appeals,—Nealis v. Iron Co., 150 N. Y. 42, 44 N. E. 944. When the two actions were in fact commenced were questions of fact, and did not appear upon the faces of the complaints upon which the trial was had. No proof was given upon this subject, and no concession was made as to the facts at the trial. Indeed, the court did not consider this question at all, and we should not attempt to settle these facts here. It seems that the summonses in both actions were served after the

plaintiff was appointed permanent receiver. As to the action against Ada Schwab, there can be no doubt that it was commenced long after such appointment, and no proceedings of any kind were had therein before such appointment. As to the action against Isabella and Sophia Schwab, the summons was served after the appointment as permanent receiver; but it is claimed that the summons and complaint and an affidavit were made and presented to the court, and an order to show cause granted thereon, including a temporary injunction before such appointment. None of these papers were, however, served until after such appointment had been made. None of these papers were presented to the trial court, and the learned judge did not consider them, nor pass upon this question here raised.

Our conclusion is that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.