THEODORE J. SHAUT and JOHN E. MOREY, Respondents, v. UDO V. SCHAUROTH and ALBERT C. ROUNDS, Appellants.

*Sale induced by fraud — replevin of a part of the goods is not inconsistent with an action for damages for the conversion of the other part.*

The commencement, by the vendors in a sale alleged to have been procured by fraudulent representations, of an action of replevin to recover a portion of the property from the possession of persons claiming under chattel mortgages thereon executed by the vendees, and the settlement of the action for a specific sum with the consent of the vendees, does not preclude the vendors from bringing an action against the vendees to recover, as damages for the fraud practiced upon them, the unpaid portion of the purchase price.

APPEAL by the defendants, Udo V. Schauroth and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Monroe on the 10th day of April, 1899, upon the decision of the court, rendered after a trial at the Monroe Special Term, overruling their demurrer to the complaint.

*George C. Miller*, for the appellants.

*Isaac Adler*, for the respondents.

SPRING, J.:

The complaint shows that on November 21, 1896, the plaintiffs sold and delivered to the defendants, on credit, a quantity of leather at the agreed price of $1,823.66; that prior to such sale the defendants fraudulently represented they were responsible; that in fact they were insolvent as they knew and purchased said goods with the preconceived purpose not to pay for the same, and to deceive the plaintiff; that said defendants had fraudulently represented to a commercial agency that they possessed property of the

value of about $90,000 in excess of all their liabilities; that on the strength of such representations they were rated in the publications of such mercantile agency as possessing a capital of from $30,000 to $50,000 and credence was given to, and reliance placed upon, such rating by the plaintiffs in this action.

It further alleged that chattel mortgages upon a portion of the leather sold to the defendants were given to two banks in the city of Buffalo, and that the plaintiffs in rescission of such sale began an action of replevin to retake the property in the custody of said banks; that with the knowledge and assent of the present defendants, said action was settled for the sum of $1,200, and the net sum accruing to the plaintiffs therefrom, after deducting the costs and expenses of said replevin action, was $750.

This action is brought imputing fraud to the defendants and to recover as damages in consequence thereof the amount unpaid on the original contract.

The defendants demur on the ground that the complaint does not state a cause of action. The position of the defendants is that the action of replevin was an election to rescind the agreement and to treat the same as terminated, and that this action is an affirmance of the contract, and inconsistent with the rescission thereof as indicated by the replevin action, and that both remedies are not available to the plaintiffs.

It is a rule of practice, well established, that a suitor cannot pursue two incompatible remedies, and when he has once made his election with knowledge of the facts, his act is conclusive and debars him from obtaining redress on a contrary tack. (Ency. of Pl. & Pr. 363.) But the basis of this rule is that the remedies are inconsistent. To illustrate, one cannot at once rescind and confirm a contract. Do the plaintiffs in this action trench upon that rule? A part of the goods was sold, and they sought to reclaim it by an action of replevin. They in effect recovered this portion, but the balance of the goods was still unaccounted for. If they could be discovered another action of replevin could be maintained, or the kindred action of conversion. Instead of this, the plaintiffs pursued another remedy, not in vindication of the sale, but akin to the action of trover, and to accomplish the same result, that is, to recover a judgment founded on the wrongdoing of the defend-

ants. The action of trover would have been based upon the fraud of the defendants in the acquisition of this property, and in case of the recovery and payment of the judgment the title would be irrevocably in the defendants. In this action the plaintiffs pursue an alternative, independent remedy along the same line to reach the same substantial result. Had the property in the possession of the banks materially depreciated in value, the action of trover, based upon the conversion of the specific property remaining, would have left the plaintiffs remediless for the loss sustained by this diminution in value of that replevied. The rule that a suitor cannot resort to two inconsistent remedies is founded on good sense and on public policy. A person cannot by one remedy ratify an agreement, and by another assail it. To allow this would bring the administration of justice into disrepute. But that principle does not go to the merciless extent of preventing one who has suffered a pecuniary loss from availing himself of every consistent means open to him to recover the damages he has sustained. As I read the authorities, the cause of action in this complaint does not come within the criticism that it is in hostility to the rescission indicated by the action of replevin. As Judge TALCOTT says in *Hersey* v. *Benedict* (15 Hun, 282) at page 288 : "We see no reason why a vendor having disaffirmed the sale may not reclaim such of the goods sold as are within his reach, and when some have been placed beyond his reach sue the vendee in an action to recover damages for the fraud."

In *Powers et al.* v. *Benedict* (88 N. Y. 605) the plaintiffs brought an action to retake the property which it was claimed had been obtained from them through fraud. This action was in disaffirmance of the contract. While this action was pending the plaintiffs commenced proceedings to have the defendant adjudged a bankrupt, and stated in their petition that their demand against him was the value of the goods not retaken in the action. The Court of Appeals held that the election made by the plaintiffs, so far as the goods taken were concerned, was a final rescission of the agreement. But " the plaintiffs by an effort to retake their entire property, if successful in part only, do not lose the right to pursue the original wrongdoer for the value of the unfound portion. * * * A wrongdoer carries away one hundred bags of grain; the owner recovers fifty by legal process from one who received it without

consideration, and whose title is no better than that of the trespasser, does he thereby lose his right to recover the value of the remainder? Surely not." To the same effect are *Wile* v. *Brownstein* (35 Hun, 68); *Rochester Distilling Co.* v. *Devendorf* (72 id. 622); *Sleeper* v. *Davis* (64 N. H. 59).

In *Welch* v. *Seligman* (72 Hun, 138) Judge FOLLETT says, at page 141: "This is not an action on the contract to recover the agreed price, but an action in disaffirmance to recover damages for the fraud alleged to have been practiced, and there is nothing in the point that this action is inconsistent with the replevin action previously brought as the learned trial judge correctly held." (*Emma Silver Mining Co., Limited,* v. *Emma Silver Mining Co. of N. Y.,* 7 Fed. Rep. 401, 420 *et seq.*)

The numerous authorities cited by the appellants' counsel enunciate the familiar doctrine that a person cannot at once repudiate and affirm an existing contract, but I do not find any authority asserting that a recovery of a part of the property by the vendor precludes him from following the wrongdoer to recover the balance charging him with fraud in obtaining it. That remedy is not necessarily in recognition of the contract.

In view of the position we have taken, the contention of the appellants' counsel that the settlement with the banks was an accord and satisfaction is untenable. The replevin action pertained only to a definite portion of the property sold by the plaintiffs, and the complaint shows unequivocally that the adjustment only affected that action. The settlement was made with the consent of the defendants, and presumably the plaintiffs obtained what the property involved in that action was fairly worth and no more. In any event, the subject-matter of that adjustment is open to investigation on the trial.

The interlocutory judgment is affirmed, with the costs and disbursements of this appeal, with leave to the defendants to withdraw their demurrer and to answer upon payment of the costs of the demurrer and of this appeal.

All concurred.

Interlocutory judgment affirmed, with costs and disbursements of this appeal, with leave to the defendants to withdraw their demurrer and answer upon payment of the costs of the demurrer and of this appeal.