IRVING TRUST COMPANY, as Trustee of MEYER REIKES, Bankrupt, Appellant, *v.* ANNIE REIKES, Respondent.

First Department, March 10, 1930.

*Jacob M. Zinaman* of counsel [*Ernst, Gale & Bernays*, attorneys], for the appellant.

*Max Zucker* of counsel [*Patrick J. McGrath*, attorney], for the respondent.

FINCH, J. From an order dismissing an amended complaint as not stating facts sufficient to constitute a cause of action, and for certain defects not appearing on the face of the complaint, plaintiff appeals.

The complaint was by a trustee in bankruptcy against the wife of the bankrupt, and contained two causes of action. The first alleged that the bankrupt, while insolvent and immediately prior

to the bankruptcy, with the knowledge and consent of defendant, advanced to her certain moneys for taxes, installments of principal and interest on mortgages and for other improvements to certain premises. The trustee seeks to recover these moneys and prays that a lien for them be impressed against the premises. The dismissal of this cause of action contained permission to amend so that it might be set up as an action at law. The second cause of action was predicated upon an oral agreement between the bankrupt and his wife, the defendant, whereby it was alleged the bankrupt had conveyed to her the same premises for the enhancement of which the expenditures sought to be recovered in the first cause of action were made, to hold the nominal title in trust for him, reserving the right to receive all the rents, issues and profits thereof and have all other incidents of complete ownership, including the right to a reconveyance upon request. A due demand for reconveyance and refusal is then alleged. This cause of action was dismissed without leave to amend " upon the decision " of another justice.

The respondent urges that, because upon a previous motion the complaint was dismissed, with leave, however, to serve an amended complaint, from which order no appeal was taken but instead there was served a new complaint amended chiefly as to the first cause of action, therefore, the previous order is *res adjudicata* as to the invalidity of the second cause of action as alleged in the original complaint. There are, however, allegations in the amended complaint which were not in the original complaint. Moreover, and more important, it appears from the opinion of the learned justice who decided the original motion that he required the service of a new complaint because of defects in failing to set forth necessary allegations in the first cause of action. He assumed, he says in his opinion, that the action was based upon subdivision e of section 70 of the Bankruptcy Act (30 U. S. Stat. at Large, 566, as amd. by 32 id. 800, § 16; now U. S. Code, tit. 11, § 110, subd. e), section 268 of the Real Property Law, and sections 273–275 of the Debtor and Creditor Law (as added by Laws of 1925, chap. 254), and that the complaint was defective because necessary allegations as to fraud of the rights of creditors and insolvency were not set forth. All this obviously relates to the first cause of action, which the justice considers in his opinion as if it were the entire cause of action, and he does not consider at all the second cause of action. For the reason that the justice was acting well within his discretion when he ordered a new complaint because of defects in the first cause of action which would not involve at all the second cause of action, the previous order dis-

missing the complaint with leave to amend is not *res adjudicata* upon the order appealed from. We are thus brought to consider the validity of both causes of action upon the merits.

Taking up in inverse order the causes of action, the objection of the Statute of Frauds urged by the defendant to the second cause of action is not a bar to that cause of action because the relief sought in the second cause of action is based upon a constructive trust arising out of the abuse of a confidential relationship. The defendant has acquired real property through a confidential relationship and upon an oral agreement to reconvey the same when demanded. In such a case the defendant may not keep the property and plead the Statute of Frauds, itself created to prevent frauds, as a shield behind which the property may be retained. Whether in the provisions of the Bankruptcy Act or otherwise, whenever we find a statute which makes void an agreement, unless in writing, we find a concomitant holding by the court that such statute may not be pleaded as a defense to an action based upon a constructive trust or in quasi contract, arising out of the unjust enrichment of the estate of the defendant. As Chief Judge CARDOZO so well said in the recent case of *Foreman v. Foreman* (251 N. Y. 237), where the facts are so similar as to be apposite the case at bar: " * * * There is testimony that she promised to give him a deed upon demand and to dispose of the land or the proceeds in accordance with his wishes. After the purchase had been made, he collected the rents and used them as his own. He paid the taxes, the insurance premiums, the interest on the mortgages, and the cost of improvements and repairs. The dominion that goes with ownership was continuously his.

" * * * Judgment has gone for the defendant on the ground that the trust is unenforcible under the Statute of Frauds (Real Prop. Law [Cons. Laws, ch. 50], § 242).

" The rule is now settled by repeated judgments of this court that the statute does not obstruct the recognition of a constructive trust affecting an interest in land where a confidential relation would be abused if there were repudiation, without redress, of a trust orally declared. [Citing numerous authorities.] * * * By long acquiescence, the exception, if such it be, has wrought itself by construction into the body of the statute as if written there from the beginning. ' It is not the promise only, nor the breach only, but unjust enrichment under cover of the relation of confidence, which puts the court in motion.' [*Sinclair v. Purdy*, 235 N. Y. 245.] "

The plaintiff has thus alleged a cause of action in equity, to

wit, for the reconveyance of land held under a constructive trust. Equitable jurisdiction having thus been invoked, the plaintiff properly may have adjudicated all incidental matters in the same action. (*Hubbell* v. *Henrickson*, 175 N. Y. 175, at p. 180.) This would include a trial for the relief demanded in the first cause of action, provided that the plaintiff was unsuccessful upon its second cause of action. The plaintiff may allege in its complaint inconsistent causes of action and not be required to elect until the close of the evidence. (*Mendelson* v. *Bronner*, 124 App. Div. 396, at p. 397.) If the plaintiff succeeds upon its second cause of action, it will receive for the benefit of all the creditors the land enhanced by whatever may be proven to have been spent upon it under the first cause of action. If, on the other hand, the plaintiff is unsuccessful at the close of all the evidence, in obtaining a reconveyance of the land because unable to prove the allegations of its second cause of action, namely, that the land is held upon a constructive trust, then the plaintiff may elect to stand upon its first cause of action, namely, for the moneys paid out to the defendant while insolvent, in fraud of the creditors of the bankrupt. (*Stiefel* v. *New York Novelty Co.*, 14 App. Div. 371.)

It follows that the second cause of action states a good cause of action in equity against which the Statute of Frauds is no defense; and thus being in equity, the plaintiff may obtain the relief which it seeks under its first cause of action, without considering whether, if it stood alone, it would be a cause of action at law or in equity. (*Stiefel* v. *New York Novelty Co., supra.*) Also because the plaintiff has stated a cause of action affecting an interest in real property, it was entitled to file a *lis pendens* (Civ. Prac. Act, § 120 *et seq.*) and the cancellation of the latter was improper.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to defendant to answer upon payment of said costs.

DOWLING, P. J., McAVOY, MARTIN and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.