Lumber Mutual Casualty Insurance Company of New York, Plaintiff, *v.* Jacob Friedman, Barnett Friedman, Frances Wolfson, J. & B. Friedman, Inc., and Friedman Contracting Co., Inc., Defendants.

Supreme Court, Trial Term, New York County, May 5, 1941.

*Cravath, deGersdorff, Swaine & Wood [George S. Collins* of counsel], for the plaintiff.

*Howard Henig,* for the defendants, except Barnett Friedman.

Benvenga, J.  Upon the trial of this action decision was reserved on defendants' motion to dismiss the complaint.

Concededly the plaintiff, in 1937, obtained a judgment by default against the defendant J. & B. Friedman, Inc., in the sum of $26,310.50.  With the exception of a few hundred dollars the judgment remains unpaid.  The action was one to recover dam-

ages for a breach of contract, based on false and fraudulent representations relating to the amount of premium due on workmen's compensation and public liability insurance policies. The fraud perpetrated in the performance of the contract consisted in concealing the number of employees hired by J. & B. Friedman, Inc., and the wages paid to them. These facts were the basis for computing the premiums.

The present action is to recover damages for alleged conspiracy to defraud the plaintiff by falsifying the books of, and disposing of assets belonging to, J. & B. Friedman, Inc. This action is brought not only against J. & B. Friedman, Inc., the defendant in the prior action, but also against the Friedman Contracting Co., Inc., and the agents, officers and directors of those corporations. It is claimed that these defendants conspired to deprive the plaintiff of its earned insurance premiums and were equally responsible in effecting a fraudulent and unlawful transfer of the property and assets of the J. & B. Friedman, Inc., to the Friedman Contracting Co., Inc.

The question is whether the plaintiff, having elected to prosecute to judgment the previous action for breach of contract, is precluded from maintaining the present action for conspiracy to defraud.

It is a well-settled rule of practice that, where two or more remedies for the same wrong are consistent with each other, the choice of one will not operate as a bar until there has been a satisfaction of the judgment, since there can be but one adequate compensation for the wrong done. Where, however, the remedies are inconsistent with each other, in the sense that they proceed upon irreconcilable demands or claims of right or liability, the deliberate choice of one, with knowledge of the facts which would enable a resort to the other, will preclude the pursuing of the other remedy, since, in such a case, the choice or election of one remedy implies a waiver or abandonment of the other. (*Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 316, 323, 325; *Schenck* v. *State Line Tel. Co.*, 238 id. 308, 311, 312; *Clark* v. *Kirby*, 243 id. 295, 301, 303; *Shaut* v. *Schauroth*, 46 App. Div. 450, 451, 452; 3 Carmody's New York Practice, 1723, 1728; Report of Law Revision Commission, 1939, pp. 224–229, 246–259.)

The test is whether the facts necessary to support one remedy are consistent with the facts necessary to support the other (*Palmer* v. *Goldberg*, 128 Wis. 103, 107; 107 N. W. 478), the doctrine in the last analysis being an application of the doctrine of estoppel under those circumstances. Hence, it is the inconsistency of the claims or demands which makes the election of one remedy an estoppel

against the assertion of the other, and not, as the defendants stress, the fact that the forms of action are different (*Mintz* v. *Jacob*, 163 Mich. 280, 283; 128 N. W. 211.) " Indeed, it is probable that some element either of ratification or of estoppel is at the root of most cases, if not all, in which an election of remedies, once made, is viewed as a finality." (*Schenck* v. *State Lıne Tel. Co.*, *supra*, p. 312, per CARDOZO, J.; *Bank of United States* v. *National City Bank*, 123 Misc. 801, 804, 805; affd., 214 App. Div. 716.)

Thus, as has been pointed out, " One may not both affirm and disaffirm a contract (*Conrow* v. *Little*, 115 N. Y. 387); or take a benefit under an instrument and repudiate it (*Haydock* v *Coope*, 53 N. Y. 68). One may not treat the possessor of his land both as tenant and as trespasser. (*Stuyvesant* v. *Davis*, 9 Paige, 427.) A plaintiff must choose to regard a defendant either as a corporation or as a partnership. (*Clausen* v. *Head*, 110 Wis. 405 [85 N. W. 1028].) In short, one may not invoke the aid of the court upon inconsistent theories " (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 291), or pursue remedies which proceed upon irreconcilable demands or claims of right or liability. (*Pomerantz* v. *Massachusetts Accident Co.*, 169 Misc. 434.) And it has recently been held that an action in *quasi* contract for money had and received is no bar to an action for fraud. (*Cohen* v. *City Co. of N. Y.*, N. Y. L. J. Dec. 6, 1940, p. 1901, PECORA, J.; *Cohen* v. *City Co. of N. Y.*, Id. Feb. 5, 1941, p. 556, LEVY, J. See, also, 39 Mich. L. R. 652, discussing *Cohen* v. *City Company of N. Y.*, 283 N. Y. 112.)

Whether a true choice of remedies exists in situatons other than those just enumerated has been doubted. (Cf. 6 Minn. L. R. 360–362, 495, 496; Clark Code Pleading, 336.)

The doctrine of election of remedies is founded on public policy. Its primary purpose is to prevent vexatious litigation. (*Clark* v. *Kirby*, *supra*, p. 303.) It has long been the subject of severe and undoubtedly well-deserved criticism. (26 Harv. L. R. 707; 34 Yale L. J. 665; 14 Corn. L. Q. 141.) The rule is a harsh one and is not to be extended (*Metropolitan Life Ins. Co.* v. *Childs Co.*, *supra*, p. 291; *Friederichsen* v. *Renard*, 247 U. S. 207, 211–213; *Bank of United States* v. *National City Bank*, *supra*); it must never become more important than the purpose which it seeks to accomplish (*Clark* v. *Kirby*, *supra*.) Certainly, the doctrine has never been pushed " to the merciless extent of preventing one who has suffered a pecuniary loss from availing himself of every consistent means open to him to recover the damages he has sustained." (*Shaut* v. *Schauroth*, *supra*, p. 452.)

It follows, therefore, that an action to recover damages for a breach of contract, founded upon fraud and concealment in its performance is not inconsistent with an action to recover damages for a conspiracy to defraud, based upon the same fraud and concealment. Such actions are not based upon irreconcilable demands or claims of right or liability. Though different in form, the bases of the actions are the same. They *are* both founded on fraud. The facts necessary to support the claims or demands made in one action are entirely consistent with the claims or demands made in the other. The doctrine of estoppel is, therefore, inapplicable. Accordingly, until there has been adequate compensation for the wrong done, by a satisfaction of judgment or otherwise, there is no true election of remedies.

Moreover, the doctrine, to be available, must be pleaded as an affirmative defense. (*Roberge* v. *Winne*, 144 N. Y. 709, 712; *Henry* v. *Herrington*, 193 id. 218, 220; *Epp* v. *Title Guarantee & Trust Co.*, 160 Misc. 554, 556; Civ. Prac. Act, § 242.) The defense is not pleaded.

The remaining question as to whether the present action lies against the other defendants has already been passed upon. In *Travelers Ins. Co.* v. *Thompson* (228 App. Div. 607) the trial court (SHERMAN, J.) under substantially similar circumstances, held that the defendant corporation and its officers were chargeable with a conspiracy to defraud the plaintiff of premiums due under an insurance policy. (See Record on Appeal, pp. 600–608.) On appeal, the judgment was affirmed by this court. (To the same effect, see *Travelers Ins. Co.* v. *Chiarello Stevedoring Co.*, 236 App. Div. 468; see, also, Civ. Prac. Act § 112-a.)

Accordingly judgment is directed against the defendants J & B. Friedman, Inc., Friedman Contracting Co., Inc., and Jacob Friedman, in the sum of $17,784.33, the amount of premiums to which the plaintiff would have been entitled on August 24, 1936 (at the time the fraud was discovered), if correct books had been kept, less the premiums actually paid. (See *Travelers Ins. Co.* v. *Thompson, supra;* Record on Appeal, p. 604.) As to the defendant Wolfson, the complaint is dismissed.