Marcia **BERNSTEIN**, Plaintiff,

v.

Herbert N. **SOMEKH**, Charles B. **Yaffe**, David N. **David**, Neil B. **Persky**, New **PLHC Corp.** and **Parklane Hosiery Company, Inc.**, Defendants.

No. 77 Civ. 4135 (CHT).

United States District Court,
S. D. New York.

June 28, 1978.

Abraham I. Markowitz, New York City, for plaintiff; David B. Shaev, New York City, of counsel.

Jacobs, Persinger & Parker, New York City, for defendants; Irving Parker, Joseph N. Salomon, Jeffrey I. Slonim, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

In 1974 the plaintiff owned 200 shares of Parklane Hosiery Company, Inc. ("Parklane"), a publicly-held corporation the majority of whose shares were controlled by the defendant Herbert N. Somekh and certain members of his family. In that year plaintiff surrendered her shares for cash payment when Parklane "went private" pursuant to a plan of merger and stock repurchase. It was subsequently found in *SEC v. Parklane Hosiery Co.*, 422 F.Supp. 477 (S.D.N.Y.1976), *aff'd*, 558 F.2d 1083 (2d Cir. 1977), that proxy statements relating to the merger violated securities law by failing to communicate the true value of Parklane shares and failing to reveal that Somekh was engineering the freeze-out of public shareholders in order to free company assets to pay his own debts.

Private actions have since been brought against Parklane, Somekh and other principals of the corporation. There is pending in this court a class action on behalf of former Parklane shareholders seeking damages and/or rescission of the merger. *Shore v. Parklane Hosiery Co.*, 74 Civ. 4986 (S.D.N.Y.). In the Supreme Court of the State of New York, County of Nassau, a consolidated appraisal proceeding is being conducted for the benefit of former Parklane shareholders who dissented from the merger. Affidavit of Joseph N. Salomon, sworn to September 30, 1977, ¶ 12. This plaintiff, having opted out of the *Shore* class suit,

brought her own representative class action suit against Somekh, Parklane and others in New York Supreme Court, New York County. *Id.* ¶ 11 & Exh. F. In that still-pending suit she requested that the merger be enjoined or, in the event it was consummated, that damages be awarded to the injured minority shareholders. She then brought the action at bar on a shareholder derivative theory and here demands rescission of the merger and an accounting to former public shareholders. She has now moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rules"), and defendants have cross-moved for dismissal of the complaint for failure to state a claim upon which relief can be granted. Rule 12(b)(6). For the following reasons, the defendants' motion is granted. That disposition renders the plaintiff's motion moot, and it is dismissed.

It is clear that the plaintiff has no standing to bring this shareholder's derivative suit. The fact that she no longer holds shares in Parklane puts her in direct conflict with Rule 23.1, which begins "[i]n a derivative action *brought by one or more shareholders.*" (Emphasis added). This language is construed to imply that "one who does not own shares in a corporation at the time a suit is filed is not qualified to bring a derivative action on its behalf." *Werfel v. Kramarsky,* 61 F.R.D. 674, 679 (S.D.N.Y.1974) and cases cited therein. Recognizing this problem, the plaintiff has asked this Court to create in her favor a constructive trust of the shares she surrendered to Parklane, reasoning that she would be restored to status quo ante and thus qualify as a shareholder for purposes of maintaining this derivative suit. No support or precedent is cited for this novel means of bestowing standing although, concededly, it is well within the power of this Court to fashion an equitable remedy under the securities laws. *SEC v. Manor Nursing Center, Inc.,* 458 F.2d 1082 (2d Cir. 1972); *Electronic Specialty Co. v. International Controls Corp.,* 409 F.2d 937 (2d Cir. 1969). In the circumstances, however, the plaintiff's suggestion is entirely self-defeating.

A constructive trust is an equitable remedy which is employed "when a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Gilbert v. Meyer,* 362 F.Supp. 168, 173 (S.D. N.Y.1973). In the instant case if "title" to the shares cancelled after plaintiff's tender resides in anyone, it resides in Parklane. Therefore, in order to justify the creation of a constructive trust (all technical problems of stock reissuance and the like aside), this Court must find that Parklane was "unjustly enriched" by the share redemption; *that* finding, however, would be utterly at odds with the theory that the redemption caused an injury to the corporation for which this plaintiff might then sue derivatively. The plaintiff is simply hoist by her own bootstrap argument.

Indeed, as defendants suggest, there is some substantial question whether the corporation's injury—if any—is cognizable under federal securities law, for the *corporation* did not purchase the shares of the minority shareholders in reliance on material omissions or misstatements. Furthermore, the plaintiff herself charges that the corporation repurchased the shares at "unreasonably *low* prices." Complaint ¶ 22 (emphasis added). That statement reenforces the theory that the corporation itself has nothing to complain of as a direct result of the tainted "going private" transaction, *see Hoover v. Allen,* 241 F.Supp. 213, 225 (S.D.N.Y.1965), and that there was no resulting loss to the corporation for which the plaintiff could now sue derivatively under federal securities law. Appropriate remedies for the injured shareholders appear to lie at the end of litigation commenced in a representative capacity and this plaintiff, while not a member of the *Shore* class, has already sued in state court on the proper theory.

Because the Court has concluded that the plaintiff lacks the requisite standing, it need not reach the other arguments proffered by the defendants in support of their motion to dismiss, *i. e.,* plaintiff's inability to fairly and adequately represent the class and plaintiff's laches. The defendants' motion to dismiss is granted, and the plaintiff's motion for summary judgment is dismissed as moot.

So ordered.