In re William J. WYATT and Joyce S. Wyatt, Debtors.

Pauline COLLOMB, Plaintiff,

v.

William J. WYATT and Joyce S. Wyatt, Defendants.

Bankruptcy No. 880–02983.

United States Bankruptcy Court, E. D. New York.

Nov. 19, 1980.

---

**950**

Arthur L. Diamond, Maspeth, N.Y., for plaintiff.

Lawton & Mouradian, P. C., Flushing, N.Y., for debtors.

C. ALBERT PARENTE, Bankruptcy Judge.

This is an adversary proceeding commenced by the plaintiff, Pauline Collomb, pursuant to 11 U.S.C. § 362(d) seeking the termination of the automatic stay thereby permitting a judicial sale of real property in Suffolk County, New York. Legal title to the property is held by the debtors.

A summary of the pertinent facts elicited at the final evidentiary hearing follows:

Plaintiff transferred the proceeds of a life insurance policy to the debtors in consideration of the debtors' promise to support the plaintiff. The proceeds were used for the purchase of real property located in Suffolk County, New York. Plaintiff was permitted to reside at said premises while the debtors supported plaintiff. Alleging that the debtors had failed to fulfill their promise, plaintiff commenced an action in state court seeking to impress a constructive trust upon the real property purchased by the debtors with plaintiff's insurance proceeds. Judgment was entered by the state court on January 15, 1980, in favor of plaintiff.

The judgment granted plaintiff a constructive trust against the debtors' interest in the real property to the extent of $7,274.80 and, in the alternative, granted plaintiff a money judgment against the debtors in the sum of $9,339.40.

Plaintiff attempted to foreclose on the constructive trust; however, the judicial sale scheduled for June 23, 1980, was stayed by the debtors' filing of a Chapter 13 petition on June 2, 1980.

Plaintiff then commenced this adversary proceeding on June 27, 1980. A consolidated preliminary and final hearing was held on July 24, 1980.

Plaintiff contends that the debtors have neither provided nor proposed a method of protecting plaintiff's interest in the debtors' real property, and that unless plaintiff is granted relief from the automatic stay, she will suffer irreparable harm. Debtors contend that the relief requested by plaintiff is inappropriate inasmuch as such relief would favor one creditor over other creditors. Debtors further contend that once the state court entered a money judgment, the constructive trust was dissolved.

Whether plaintiff is entitled to the relief sought rests on the resolution of the following issues:

(1) Is the constructive trust on debtors' real property dissolved by virtue of the money judgment granted by the state court.

(2) Does the subject matter of a constructive trust constitute property of the estate pursuant to 11 U.S.C. § 541.

(3) Have the debtors provided plaintiff with adequate protection of plaintiff's interest in the debtors' real property.

## I.

A constructive trust is an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. *Bernstein v. Somekh*, 452 F.Supp. 1373 (S.D.N.Y.1978); *Sharp v. Kosmalski*, 40 N.Y.2d 119, 386 N.Y. S.2d 72, 351 N.E.2d 721 (1976).

Equity converts the holder of legal title in property subject to a constructive trust into a trustee *ex maleficio* who is charged with the equitable duty to convey the property to another. *Lloyd v. Phillips*, 272 App.Div. 222, 71 N.Y.S.2d 103 (4th Dept. 1947); *Pavone v. Aetna Casualty and Surety Company*, 91 Misc.2d 658, 398 N.Y. S.2d 630 (Monroe County, 1977).

In the case at bar New York State Supreme Court, Suffolk County, entered a judgment in favor of plaintiff whereby a constructive trust to the extent of $7,274.80 was impressed on the debtors' interest in the subject real property. Said judgment also granted the plaintiff a money judgment in the sum of $9,339.40 against the debtors. Whether or not the constructive trust was dissolved by the granting of a money judgment rests on the power of the state court to grant alternative equitable and legal relief where there has been but a single compensable act committed by the defendant.

■ It is a well established principle of law that when a court of equity gains jurisdiction of an action, it will retain the action and administer full relief, both legal and equitable. *Frank v. Davis*, 135 N.Y. 275, 31 N.E. 1100 (1892); *McGean v. Metropolitan Elevated R. Co.*, 133 N.Y. 9, 30 N.E. 647 (1892).

■ A court of equity's power to render both legal and equitable relief is premised on the well accepted principle of law that once a court of equity has acquired jurisdiction of the action, it has the power to dispose of all the matters at issue and grant complete relief to the plaintiff. *Ferguson v. Village of Hamburg*, 272 N.Y. 234, 5 N.E.2d 801 (1936); *Wood v. Hill*, 214 App. Div. 417, 212 N.Y.S. 550 (1st Dept. 1925); *Valentine v. Richardt*, 126 N.Y. 272, 273, 27 N.E. 255 (1891).

■ The principles of law stated above apply to a case where a party commences an action in equity for the impression of a constructive trust on property held by another. *Pagano v. Pagano*, 207 Misc. 474, 139 N.Y.S.2d 219 (Westchester County, 1955), *aff'd* 2 A.D.2d 756, 153 N.Y.S.2d 722, 723 (2nd Dept. 1956); *Irving Trust Co. v. Reikes*, 228 App.Div. 510, 240 N.Y.S. 232 (1st Dept. 1930).

■ Thus, where a party brings an action for the impression of a constructive trust on property held by another, the court may not only grant the equitable relief requested, but may also award money damages in addition to or as an incident of the equitable relief. *U.S. v. Carter*, 217 U.S. 286, 30 S.Ct. 515, 54 L.Ed. 769 (1909); *Wolk v. Royal Indemnity Company*, 27 Misc.2d 478, 210 N.Y.S.2d 677 (2nd Dept. 1961).

Further, it is noted that the debtors have failed to bring to the attention of this Court any authority holding that the alternative granting of a money judgment abrogates the enforcement of a constructive trust.

■ Therefore, since a court of equity has the power to grant both equitable and legal relief in a proceeding in equity, the mere granting of a money judgment by the state court in the case at bar does not in and of itself dissolve the constructive trust imposed on the debtors' interests in the real property in question.

However, the granting of both equitable and legal relief by a court of equity does raise the question of whether the election of remedies doctrine prevents plaintiff from foreclosing on the constructive trust in question.

The election of remedies doctrine is defined as follows:

Where, however, the remedies are inconsistent with each other, in the sense that they proceed upon irreconcilable demands or claims of right or liability, the deliberate choice of one, with knowledge of the facts which would enable a resort to the other, will preclude the pursuing of the other remedy, since, in such a case, the choice or election of one remedy implies a waiver or abandonment of the other.

*Lumber Mut. Casualty Ins. Co. of New York v. Friedman*, 176 Misc. 703, 28 N.Y. S.2d 506, at p. 509 (N.Y.County, 1941).

■ The purpose of said doctrine is not to prevent recourse to any remedy, but to prevent double redress for a single wrong. *Tate v. Estate of Dickens*, 276 App.Div. 94, 93 N.Y.S.2d 504 (3rd Dept. 1949).

■ Clearly, had the plaintiff initially elected to enforce the money judgment and had she recovered the full amount of said judgment, plaintiff would thereby be estopped from attempting to foreclose on the constructive trust since there can be but one adequate compensation for the wrong done. *Lumber Mut. Casualty Ins. Co. of New York v. Friedman, supra.*

However, in the case at bar, the debtors have failed to establish that plaintiff attempted, prior to the commencement of the foreclosure proceedings, to enforce the money judgment. Further, the complaint filed by the plaintiff in this Court is not predicated on the money judgment, but rests on the enforcement of the constructive trust.

Accordingly, plaintiff is not barred from enforcing the constructive trust under the election of remedies doctrine.

## II.

■ This adversary proceeding was commenced by plaintiff pursuant to 11 U.S.C. § 362(d). Debtors contend that the proceeding is governed not by § 362, but rather by 11 U.S.C. § 1301. As the legislative history indicates, § 1301 was designed to protect a Chapter 13 debtor by insulating him from indirect pressures from his creditors exerted through friends or relatives who may have co–signed an obligation of the debtor. H.R.Rep.No.95–595, 95th Congr., 1st Session, at p. 426 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787. In furtherance of the stated purpose of § 1301, subdivision (a) stays a creditor from acting, or commencing, or continuing any civil action to collect all or any part of a consumer debt of the debtor unless the creditor obtains a court order granting the creditor relief from the stay under § 1301(a). H.R.Rep. 95–595, 95th Congr., 1st Session at p. 426 (1977).

■ Thus, the automatic stay imposed by § 1301(a) applies only to actions by a creditor against individuals who may be liable with the Chapter 13 debtor on a consumer debt. 5 Collier on Bankruptcy (15th Ed.) ¶ 1301.01(1).

Since the plaintiff is seeking to enforce a state court judgment against the debtors and not against any individual who may be liable on the debtors' obligation, § 1301 does not apply in this proceeding. Rather, this adversary proceeding is governed by the provisions of § 362.

Whether plaintiff is entitled to relief from the automatic stay under § 362(d) depends in the first instance on whether the automatic stay under § 362(a) applies to the enforcement of a constructive trust impressed on the debtors' real property.

11 U.S.C. § 362(a) provides in relevant part:

(a) Except as provided in subsection (b) of this section, a petition filed under §§ 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

. . . . .

(2) the enforcement, against the debtor or against the property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate; . . .

Plaintiff is stayed from foreclosing on her constructive trust under § 362(a)(2)(3) if the Court finds that the subject matter of the constructive trust constitutes property of the estate under 11 U.S.C. § 541. 11 U.S.C. § 362(a)(2)(3); H.R.Report No.95–595, 95th Congr., 1st Session, at p. 341 (1977).

■ Before resolving the issue of whether the subject matter of the constructive trust constitutes property of the debtors' estate, it is imperative to identify the plaintiff's interest and the debtors' interest in the property in question. Under state law, a constructive trust creates a dual ownership of the property; legal title remains with the trustee *ex maleficio* and the equitable right to said property is awarded to the beneficiary. *Frier v. J.W. Sales Corporation*, 261 App.Div. 388, 25 N.Y.S.2d 576 (1st Dept. 1941). Thus, the debtors as trustees *ex maleficio* retain their legal title to the property and the plaintiff is considered in equity as the beneficial owner of the property.

■ Under the Bankruptcy Act, property held by the bankrupt in trust belong to the beneficiary and never became a part of the bankruptcy estate under § 70. *State of Wisconsin v. Reese*, 612 F.2d 963, 6 B.C.D. 128 (5th Cir. 1980); *In re Franklin Savings & Loan Co.*, 34 F.Supp. 661 (E.D.Tenn. 1940); 4A Collier on Bankruptcy (14th Ed.) ¶ 70.25(2).

However, under the Bankruptcy Code, the commencement of a bankruptcy case creates an estate which, pursuant to § 541(a)(1) consists of "all legal or equitable interests of the debtor in the property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *In re GSVC Restaurant Corp.,* 3 B.R. 491, 1 C.B.C.2d 727 (Bkrtcy.S.D.N.Y. 1980); *In re Troy Industrial Catering Service,* 2 B.R. 521, 1 C.B.C.2d 321 (Bkrtcy.E.D. Mich.1980); H.R.Report No. 95–595, 95th Congr., 1st Session, at p. 367 (1977).

■ The legislative history, however, indicates that where the debtor holds bare legal title to property without any equitable interest, or holds property in trust for another, only those rights which the debtor would have otherwise had emanating from such interest pass to the estate under § 541. 124 Cong.Rec. S17,413 (daily ed. Oct. 6, 1978); 129 Cong.Rec. H11,096 (daily ed. Sept. 28, 1978); H.R.Report 95–595, 95th Congr., 1st Session, at p. 367 (1977).

■ Thus, in the case at bar, since the debtors hold bare legal title to their property to the extent of $7,274.80 under plaintiff's constructive trust, the debtors' estate includes only the bare legal title without any equitable interest in the property. 124 Cong.Rec. S17,413 (daily ed. Oct. 6, 1978). Further, to the extent the debtors' interest in said real property is limited, i. e., the debtors are under an equitable duty to reconvey the property to plaintiff, said interests are equally limited in the hands of the estate. 124 Cong.Rec. H11,096 (daily ed. Sept. 28, 1978); 3 Collier on Bankruptcy (15th Ed.) ¶ 541.13.

■ Premised on the foregoing analysis, the Court concludes that the debtors' legal title to the real property constitutes property of the estate under § 541(a). Therefore, since plaintiff is attempting to enforce her state court judgment against property of the estate, i. e., debtors' bare legal title to said property, the filing of the debtors' Chapter 13 petition *in limine* stays the commencement of the judicial sale of debtors' real property under § 362(a)(1).

### III.

Plaintiff's request for a vacatur of the automatic stay brings into question the grounds for authorizing such relief within the governing provisions of § 362(d). These grounds are stated alternatively; either for cause, as expressed in § 362(d)(1), or where the debtor does not have an equity in the property in question and such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d); *In re Sulzer,* 2 B.R. 630, 1 C.B.C.2d 451 (Bkrtcy.S.D.N.Y. 1980); *In re GSVC Restaurant Corp., supra.*

Pursuant to § 362(d)(1), cause includes lack of adequate protection of a creditor's interest in the debtor's property. 11 U.S.C. § 362(d)(1); *In re Sulzer, supra; In re Anchorage Boat Sales,* 4 B.R. 635, 2 C.B.C.2d 348 (Bkrtcy.E.D.N.Y.1980).

In this case, plaintiff contends that: (1) the debtors have failed to propose some form of relief as will adequately protect plaintiff's interest in the debtors' real property; and (2) the debtors have no equity in the real property in question.

In contraposition, the debtors contend that to grant plaintiff the relief sought would have the effect of favoring one creditor over other creditors.

With respect to relief from the automatic stay under subdivision (d)(1) of § 362, the Court must determine if there is adequate protection of plaintiff's interest in the debtors' real property. Although the term "adequate protection" is not defined in § 362, or in any other section of the Bankruptcy Code, § 361 offers three non–exclusive methods of providing adequate protection to an entity with an interest in property of the estate. H.R.Report No. 95–595, 95th Congr., 1st Session at pp. 338–340 (1977); *In re Rogers Development Corp.,* 2 B.R. 679, 1 C.B.C.2d 499 (Bkrtcy.E.D.Va.1980).

The debtor is free to choose any method specified in subdivisions (1) (periodic payments), or (2) (additional or replacement lien) or § 361. The debtor is also free to propose some other form of relief, subject to the approval of the Court, as will meet the standards enunciated in § 361(3) (adequate protection as will result in the real-

ization by such entity of the indubitable equivalent of such entity's interest in such property). *In re Anchorage Boat Sales, supra; In re Rogers Development Corp., supra.*

The debtors have proposed to pay plaintiff 40 percent of her claim over three years under the Chapter 13 plan. No other proposal for providing adequate protection of plaintiff's interest has been made by the debtors.

Neither subdivisions (1) nor (2) of § 361 is applicable to the Court's determination of whether the debtors are providing adequate protection of plaintiff's interest, since the debtors have proposed neither the granting of an additional or replacement lien under subdivision (1), nor the making of periodic payments to the extent of the decrease in the value of plaintiff's interest under subdivision (2) or § 361. Therefore, the Court must look to subdivision (3) of § 361 to determine whether the debtors' payments under the Chapter 13 plan will provide adequate protection of plaintiff's interest in debtors' real property. The test under § 361(3) is whether the plaintiff will realize the indubitable equivalent of her interest in the property under the Chapter 13 plan. H.R.Report No. 95–595, 95th Congr., 1st Session at p. 340 (1977); *In re Anchorage Boat Sales, supra; In re Paradise Boat Leasing Corp.,* 2 B.R. 482, 1 C.B.C.2d 413 (Bkrtcy.D.V.I.1979).

 The Court finds dispositively that the payment of 40 percent of plaintiff's claim under the Chapter 13 plan will not result in the realization by plaintiff of the indubitable equivalent of her interest in the property. As stated previously, under state law the beneficiary of a constructive trust is considered in equity as the beneficial owner of the property. *Frier v. J.W. Sales Corporation, supra.* Despite the filing of a petition in bankruptcy, state law governs as to the existence of a constructive trust and the rights of the beneficiary under said trust. *In re Tate–Jones & Co.,* 85 F.Supp. 971 (W.D.Pa.1949); *In re Heintzelman Construction Co.,* 34 F.Supp. 109 (W.D. N.Y.1940).

 Further, the filing of the petition in bankruptcy does not modify the equitable rights of the parties, and all obligations of a legal or equitable nature remain undisturbed thereby. *Hurley v. Atchison, Topeka, & Santa Fe Railroad Company,* 213 U.S. 126, 29 S.Ct. 466, 53 L.Ed. 729 (1909). Thus, the estate, like the debtor prior to the filing of a petition under Chapter 13, is under an equitable duty to convey the property to the beneficiary. 124 Cong.Rec. H11,096 (daily ed. Sept. 28, 1978); 3 Collier on Bankruptcy (15th Ed.) ¶ 541.13.

Premised on the foregoing, the indubitable equivalent of plaintiff's interest in debtors' real property would be the payment of $7,274.80 by the debtors. Since the debtors only proposed to pay 40 percent of the plaintiff's interest in said property, the debtors have failed to propose a method of adequately protecting plaintiff's interest under subdivision (3) of § 361, and thus plaintiff is entitled to relief from the automatic stay pursuant to § 362(d)(1).

The equities in this case support the decision reached by this Court. Plaintiff is a widow who entrusted her sole liquid asset to the debtors in return for the debtors' promise to care for and support plaintiff. As the state court found, the debtors breached this promise. To deny plaintiff the relief requested would not only create an undue hardship on plaintiff, but would also abrogate property rights otherwise enforceable.

Since it is this Court's finding that the plaintiff is entitled to relief from the automatic stay under § 362(d)(1), the Court need not address the issue of whether plaintiff would be entitled to relief under § 362(d)(2).

 Finally, debtors' contention that the relief requested by plaintiff would be inappropriate inasmuch as said relief would favor one creditor over other creditors has no legal basis.

Plaintiff is not in the same class of creditors as creditors holding unsecured claims. By state law, plaintiff is given a property right in the debtors' real property which is enforceable in a bankruptcy court. *Hurley*

*v. Atchison, Topeka & Santa Fe Railroad Company, supra.* Furthermore, it is a well established principle of law that a beneficiary under a constructive trust may be preferred over other unsecured creditors. *In re Tate–Jones & Co., supra; In re Franklin Savings and Loan Association, supra; Empire Stevedoring Co., LTD v. Oceanic Adjusters, LTD*, 315 F.Supp. 921 (S.D.N.Y.1970).

Finally, under the Bankruptcy Code, subdivision (b)(1) of § 1322 permits a Chapter 13 plan to designate classes of unsecured claims and allows the debtor to treat the classes differently so long as the Chapter 13 plan does not discriminate unfairly against any class so designated. *In re McKenzie*, 4 B.R. 88, 1 C.B.C.2d 599 (Bkrtcy.W.D.N.Y. 1980).

Premised on the foregoing principles of law and equity, the Court finds that plaintiff is entitled to relief from the automatic stay.

Settle judgment.