**In re MCZ, INC., Debtor.**

**MCZ, INC., Plaintiff,**

**v.**

**ANDRUS RESOURCES, INC., et al., Defendants.**

**Bankruptcy No. 86–00935–H3–11.**
**Adv. No. 87–0293–H3.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

May 8, 1987.

Joel P. Kay, Sheinfeld, Maley & Kay, Houston, Tex., for debtor.

Bill R. Bludworth, Wood, Lucksinger & Epstein, Houston, Tex., for defendants.

## ORDER

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for hearing on March 31, 1987, the Application for Temporary Restraining Order filed by MCZ, Inc. ("MCZ"), Debtor, versus Andrus Resources Corp., et al., Defendants, and upon considering the evidence presented, the argument of counsel, and the memoranda of authority, the Court enters the following Order:

### I.  Facts

On October 28, 1985, Andrus Resources Corp., Bill W. Andrus, Charles R. Robinson, Troy P. Wakefield and Jean B. Wakefield, Individually and as Co–Trustees of the Parten Wakefield 1978 Trust, and Dreamers Oil Co., Inc. ("Plaintiffs") filed their Plaintiff's Original Petition and Application for Temporary Restraining Orders in the 272nd Judicial District Court of Brazos County, Texas.  The original petition was filed on behalf of the Plaintiffs by their attorneys Payne & Vendig, Davis and Davis, and Wood, Lucksinger & Epstein, ("Law Firm Defendants").

The state court petition asserts that pursuant to seven Operating Agreements MCZ was the operator of certain oil and gas wells and the Plaintiffs were working interest owners.  The Plaintiffs alleged in the state court petition that MCZ violated certain provisions of the Operating Agreements by failing "to establish joint interest and suspended royalty accounts separate and apart from the general business and operating accounts from MCZ ..." and "suspended royalty payments without proper authorization or justification." During the period of time that MCZ was the operator, namely, October 1, 1984, to June 30, 1985, MCZ deposited proceeds of production from the operated wells into an account at Cullen Frost Bank in Houston, Texas ("Cullen Account").

The Debtor filed a voluntary Chapter 11 petition on January 31, 1986.  Debtor's statement of financial affairs reflects that as of January 31, 1986, there was on deposit in the Cullen Account the total sum of $623,204.25.  At the present time interest in the total amount of $109,347.00 has accrued.

On March 11, 1987, the Plaintiffs in the state court matter in Brazos County, Tex-

as, filed a Motion for Order Directing and Authorizing Deposit of Funds in the Registry of the Court ("Motion for Turnover"). This Motion seeks to have funds held in the Cullen Account deposited in the registry of the state court in Brazos County, Texas.

On March 16, 1987, Debtor filed an Application for Temporary Restraining Order against the Plaintiffs and the Law Firm Defendants in the Bankruptcy Court under Adversary Number 87–0293–H3 seeking a restraining order restraining Plaintiffs and Law Firm Defendants from further prosecuting or otherwise pursuing the Motion for Turnover of funds.

## II. Discussion

A. Whether the Funds in the Cullen Account, Excluding Interest Accruing Thereon, are Property of the Estate

The primary issue to be decided by this Court is whether the funds on deposit in the Cullen Account, excluding interest, are property of the estate of MCZ, Inc. under Section 541 of the Bankruptcy Code. MCZ, Inc. argues that it is a bailee of such funds, and as a bailee it has a possessory interest in the funds.

A bailment is nothing more than a delivery of goods for some purpose, upon a contract, express or implied, to be redelivered to the bailor upon fulfillment of the purpose or to be dealt with according to the bailor's direction. Title to the property remains in the bailor or principal, and the bailee or the agent holds the property under the bailment or agency for the owner's benefit. *Collier on Bankruptcy*, Section 541.08[2] (15th ed.). This Court concludes that pursuant to the terms of the Memorandum of Agreement entered into by Debtor and Plaintiffs on November 5, 1984, the Debtor is bailee for the funds in the Cullen Account.

MCZ's possessory interest in the Cullen Account funds is property of the estate subject to the Court's power to recognize the equitable interest of the third-party royalty owners for whose benefit the funds were escrowed. *Georgia Pacific Corp. v. Sigma Service Corp.*, 712 F.2d

962 (5th Cir.1983); *In re Shepard*, 29 B.R. 928 (Bankr.M.D.Fla.1983); *In re Wyatt*, 6 B.R. 947 (Bankr.E.D.N.Y.1980).

The evidence presented in the case at bar is inconclusive on the question of whether Debtor has any interest in the funds in the Cullen Account other than bare legal title as bailee or agent. Marvin Zeid, president of Debtor, testified that Debtor has a claim to funds in the account for Joint Interest Billings attributable to Smith Petroleum's working interest. Mr. Clyde M. Bradford, Controller and Vice President of Finance for Debtor, testified that "MCZ has an interest, perhaps, in some of these undetermined ... MCZ would have an interest in them because it has to be calculated out in the title opinions."

However, Mr. Bradford also testified that the suspended interest owners are the ones entitled to the fund in the Cullen Account. The testimony of Mr. Bradford and Mr. Zeid is not conclusive or persuasive on the issue of whether the Debtor has an interest in the fund beyond its bare possessory interest as bailee or agent. Where Debtor merely holds bare legal title to property as agent or bailee for another, Debtor's bare legal title is of no value to the estate, and Debtor should convey the property to its rightful owner. *In re Shepard, supra* at 932; *Matter of Triple A Coal Co., Inc.*, 55 B.R. 806 (Bankr.S.D.Ohio 1985); *In re Butts*, 46 B.R. 292 (Bankr.D. N.S.1985).

The Court concludes that the funds in the Cullen Account, other than interest in the amount of $109,347.00, are not property of the estate and this Court declines to enter a Temporary Restraining Order restraining Plaintiffs from pursuing the motion for Turnover in state court as to those funds.

## B. Interest

Debtor claims that it is entitled to interest which has accrued on the funds in the Cullen Account in the amount of $109,-347.00. Debtor alleges that it does not have to pay interest to Defendants pursu-

ant to Texas Natural Resources Code, Section 91.403(b), Subchapter K (Vernon Supp. 1987). Sections 91.403(a) and (b) provide:

(a) If payment has not been made for any reason in the time limits specified in Section 91.402(a) of this code, the payor must pay interest to a payee beginning at the expiration of those time limits at the rate charged on loans to depository institutions by the New York Federal Reserve Bank, unless a different rate of interest is specified in a written agreement between payor and payee.

(b) Subsection (a) of this section does not apply where payments are withheld or suspended by a payor beyond the time limits specified in Section 91.402(a) of this code because there is:

(1) a dispute concerning title that would affect distribution of payments;

(2) a reasonable doubt that the payee does not have clear title to the interest in the proceeds of production; or

(3) a requirement in a title opinion that places in issue the title, identity, or whereabouts of the payee and that has not been satisfied by the payee after a reasonable request for curative information has been made by the payor.

The determination of whether the Texas Natural Resources Code may entitle Debtor to any interest accruing upon the funds in the Cullen Account is best left to the expertise of the state court in which proceedings are pending.

Moreover, since the Cullen Account funds are not property of the estate, the question as to whether Debtor is entitled to interest accruing upon such funds is a question of state agency or trust law best left to state court determination. *See In re Goldblatt Brothers, Inc.*, 61 B.R. 459 (Bankr.N.D.Ill.1986). Therefore, this Court makes no determination as to proper title to the interest accrued in the amount of $109,347.00. All parties in the state court proceeding are free to pursue in the Motion for Turnover in state court, ownership of the interest accruing on the funds in the Cullen Account.

It is therefore ORDERED that the Application for Temporary Restraining Order is hereby denied.