PER CURIAM:
 

 AFFIRMED on the basis of the unreported opinions of the district court, dated January 30, 1978, and the bankruptcy court, dated May 5, 1977, the relevant portions of which are attached hereto as an appendix.
 

 APPENDIX
 

 PARTIAL SUMMARY JUDGMENT of Bankruptcy Court dated May 5, 1977
 

 The case is here on motions for summary judgment filed by the plaintiffs and by the trustee in three adversary proceedings, which though not identical are sufficiently similar to be resolved together. The complaints were dismissed as to all counts except Count I. (C.P. No. 2881)
 

 The cases are class actions seeking money damages from the trustee for customers of the bankrupt, a retailer of various appliances in various parts of Florida and several other states. The remaining count seeks (a) recovery of fees paid for maintenance contracts which cannot be performed, .
 

 The major element in these actions is the first claim, for unperformed maintenance contracts. The bankrupt for some two years had accepted payment of from $50 to $300 from many customers in return for a commitment to repair specified merchandise for periods that varied from nine months to five years. As a result of bankruptcy liquidation, many of the contracts cannot be performed.
 

 It is plaintiffs’ theory that the bankrupt was under a legally implied duty to segregate these fees in order to ensure that funds would be available to perform these contracts. It is admitted that there was no express trust created by contract or statute. It is plaintiffs’ alternative argument that, at some point to be fixed by proof, the bankrupt knew it would not be able to perform these contracts yet continued to sell them after that point.
 

 Plaintiffs seek the imposition of a constructive trust by this court upon all the
 

 
 *965
 
 assets of the bankrupt for the satisfaction of these claims. Property held by a bankrupt in trust belongs to the beneficiary and never becomes a part of the bankruptcy estate. 4A
 
 Collier on Bankruptcy
 
 (14th ed.) Section 70.25(2). Such a holding would, therefore, entitle plaintiffs’ classes to priority in payment as to all the assets of the bankrupt, ahead of the claims of creditors, who have valid security interests, ahead of the administrative costs and expenses incurred in this court and ahead of all other priority and general creditors.
 

 The feature of plaintiffs’ case assumes practical significance, because it presently appears that little if anything will be available for distribution to the general creditors in this case. Distribution cannot be calculated or made until this litigation is concluded.
 

 Plaintiffs have moved for summary judgment
 

 The trustee has also moved for a summary judgment. (C.P. No. 12991) The motion is addressed solely to those portions of the Wisconsin complaint (paragraphs 1 — 18, first claim for relief) and the Minnesota complaint (paragraphs 1-21, first claim for relief) and the Texas complaint (third claim for relief) dealing with maintenance contracts. The motion is granted.
 

 A constructive trust is a tool of equity to prevent unjust enrichment. Its applicability to any part of the estate of this bankrupt requires that one of the plaintiffs establish some wrongdoing on the bankrupt’s part either in
 
 obtaining
 
 the funds sought or in
 
 retaining
 
 them, if they were properly obtained. The degree of actual or constructive fraud required appears to change at state boundaries and with the passage of time.
 

 I reject the argument that the sale of maintenance contracts, without more, creates a legal duty to segregate the funds received for that purpose and- imposes a constructive trust upon them. I believe that it still remains a legislative and not a judicial prerogative to mandate such a duty.
 

 The record before me negatives any allegation that the bankrupt knew before bankruptcy that it could not perform these contracts, therefore, sold them fraudulently. The record negatives any other suggestion of actual or constructive fraud or wrongdoing which might support a constructive trust.
 

 The maintenance contracts of this debtor were not legally different from any other executory contract made by this bankrupt which has been frustrated by its financial collapse and bankruptcy.
 

 ., [Fjrom the record before me it is established that there is no identifiable trust res to which the asserted constructive trust could attach. Plaintiffs cannot trace the funds that were paid for these contracts. Plaintiffs argue that the notion that funds must be traceable and the requirement that the res be identifiable are concepts of purely historical interest today, at least in the enlightened states of Wisconsin, Minnesota and Texas. There are decisions that support this contention of the plaintiffs, at least in certain contexts. However, it is a federal question whether a trust, whether express or constructive, which cannot be traced to specific assets, will attach to the creditors’ general funds
 
 in bankruptcy.
 

 In
 
 United States v. Randall,
 
 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971) the Court held that the Bankruptcy Act is an overriding expression of federal policy which precludes the imposition of a constructive trust in favor of the I.R.S. against bankruptcy assets, even where the ingredients for a constructive trust are present.
 

 In
 
 Elliott v. Bumb,
 
 9 Cir. 1966, 356 F.2d 749, 754-755,
 
 cert. den.
 
 385 U.S. 829, 87 S.Ct. 67, 17 L.Ed.2d 66 (1966), a California vendor of money orders became bankrupt. A California statute required that the vendor segregate all payments received and, if the vendor failed to do so, the statute impressed a statutory trust on all funds of the vendor needed to honor the money orders. The bankrupt did not segregate enough and the court held that the holders of the money
 
 *966
 
 orders in excess of traceable funds were general creditors of the bankrupt and were entitled to no priority or other special consideration ahead of any other creditors.
 

 The court concluded that the state statute insofar as it undertook to impress a lien upon general funds of the debtor, in effect, created a statutory lien in favor of a particular class of creditors. Section 67c(2) of the Bankruptcy Act has invalidated all statutory liens, except rent. Section 64a(l)-(5) explicitly orders the priorities. The Supremacy Clause requires that conflicting state law give way to these provisions.
 

 The court quoted and followed a similar statement of the rule announced at 4A
 
 Collier on Bankruptcy
 
 (14th ed.) Section 70.-25(2).
 

 This decision is controlling in our cases. There is no reason that a constructive trust which is imposed by State case law, assuming that to be the situation here, would warrant a different conclusion from that reached in
 
 Elliott,
 
 which dealt with an express trust imposed by State statute. In the words of the court:
 

 If state law is contrary to federal bankruptcy law, the state law must yield. Giving effect to the provisions of Section 12300.3, which would impress a trust upon commingled funds, would open the door to state creation of priorities in favor of various classes of creditors by labeling such priorities as “trusts”. This would tend to thwart or obstruct the scheme of federal bankruptcy.
 

 Elliott
 
 was followed in
 
 Lusk Corp. v. Arizona State Tax Commission,
 
 9 Cir. 1972, 462 F.2d 187, dealing with income taxes withheld but not segregated and not traceable. It was also followed in
 
 In re Faber’s, Inc.,
 
 D.Conn.1973, 360 F.Supp. 946, 948 dealing with a rug company which diverted the deposits of customers made for rugs promised but not delivered. The court recognized that a constructive trust, at least in Connecticut must be based upon “fraud, actual or constructive” and it was unlikely that this element was present, but even if it were, the court concluded:
 

 The courts have consistently treated the distributional priorities created by the Bankruptcy Act as a paramount congressional policy which must predominate in the face of conflicting state or even federal law.
 

 It then cites and follows
 
 United States v. Randall, Elliott v. Bumb,
 
 and 4A
 
 Collier on Bankruptcy
 
 (14th ed.) Section 70.25(2) pp. 363-364 reviewed above.
 

 Those portions of the three complaints filed for customers in Wisconsin, Minnesota and Texas which seek to impress a trust in favor of certain purchasers of maintenance contracts are dismissed without leave to amend and with prejudice.
 

 ORDER of District Court dated January SO, 1978
 

 Several appeals are currently pending before this court. The principal appeal is that of the States of Wisconsin, Minnesota and Texas from the order of the bankruptcy court entered May 5, 1977 granting partial summary judgment in favor of the trustee. Because it is dispositive of the remaining appeals the court will consider it first.
 

 Upon review of the record and arguments of counsel, the court concludes that the order of the bankruptcy court must be affirmed. The court agrees with appellant that constructive trusts recognized by state law may be imposed against specified assets in appropriate circumstances, and those assets do not become part of the bankrupt’s estate.
 
 See
 
 4A
 
 Collier on Bankruptcy
 
 (14th ed.) § 70.25(2). However, the court cannot agree with appellants’ argument that they need not identify specific trust assets in order for the trust to be imposed. The question of whether a constructive trust, which cannot be traced to specific assets, will attach to general funds held by the Trustee in Bankruptcy is a matter of federal law. Under federal law, plaintiffs must be able to trace their funds to an identifiable trust in the hands of the trustee.
 
 Elliott v. Bumb,
 
 356 F.2d 749 (9th Cir.),
 
 cert. denied,
 
 385 U.S. 829, 87 S.Ct. 67, 17 L.Ed.2d 66 (1966);
 
 In re Faber’s, Inc.,
 
 360 F.Supp. 946 (D.Conn.1973). Insofar as state law is
 
 *967
 
 to the contrary, it must yield to federal policy.
 
 United States v. Randall,
 
 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971).