In re **UNITED PRECIOUS METALS, INC.,** Debtor.

**JOHNSON MATTHEY LTD.,** Plaintiff,

v.

**UNITED PRECIOUS METALS, INC.,** Defendant.

**Bankruptcy No. 83–01921–BKC–TCB.**
**Adv. No. 84–0023–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

March 28, 1984.

Daniel Bakst, West Palm Beach, Fla., trustee.

Scott Baena, Miami, Fla., for plaintiff.

Patrick Scott, Miami, for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks the imposition of a constructive trust upon bars of silver in the debtor's estate to the extent of 7,050 ounces of silver, and an order requiring the trustee to deliver the silver bars or pay plaintiff the value of the bars. The trustee has answered. The matter was tried on March 20.

Plaintiff and the debtor did business with one another on the following basis. The debtor by telephone would order a specified quantity of silver in unidentifiable bulk for its account. The silver would be credited to the debtor's consignment account but would not be delivered. The debtor would be billed for the silver at the then applicable rate. When payment was received from the debtor, plaintiff would fabricate the bulk silver into identifiable bars and would ship these bars to the debtor.

The account between the parties appeared current and satisfactory until May 1983 (5 months before the debtor filed for bankruptcy). At that time, plaintiff discovered that it had overshipped a total of 7,050 ounces of silver to the debtor. The circumstances and records from which plaintiff became convinced that it had shipped 7,050 ounces more than it had been paid for are reflected in the exhibits and testimony before me and are summarized in a letter dated May 23, 1983, from the plaintiff to the debtor. That letter was not a demand for return of the silver nor a demand for payment. Plaintiff merely said:

"If you would make arrangements to purchase 7,050 oz. of silver as soon as possible it would be appreciated."

The debtor did not respond. It is conceded that plaintiff never billed the debtor for this silver nor made any demand for return of fabricated silver bars until it filed this adversary complaint.

I accept plaintiff's account of its transactions with the debtor. I find that plaintiff sold and delivered to the debtor all of the bars of silver which remained in the debtor's possession at the time of bankruptcy and are presently in the trustee's custody. It did so under the mistaken impression that it had received payment for an unidentifiable and comingled portion of those silver bars. The plaintiff has, therefore, a general claim against the estate for the value of 7,050 ounces of silver at the market rate which existed on the date of bankruptcy, October 20, 1983. The evidence before me does not permit a specific finding of that value. It is clear, however, that the assets of this estate will fall far short of satisfying all general claims against the estate.

Plaintiff appears to concede and I find that it did not make written demand for reclamation of goods sold to the debtor within 10 days after the debtor received the goods and at a time while the debtor was insolvent. Therefore, plaintiff is not entitled to reclamation under 11 U.S.C. § 546(c).

Similarly, plaintiff concedes and I find that it is not entitled to reclamation under § 672.702, Florida Statutes (U.C.C. § 2–702).

Plaintiff also concedes and I find that the delivery of the identifiable silver bars to the debtor was not a consignment sale under the provisions of § 672.326, Florida Statutes (U.C.C. § 2–326), and even if the bars were delivered on that basis, plaintiff failed to perfect and preserve its security interests in those bars.

Plaintiff's basis for its asserted constructive trust is *Matter of Country Club Casuals, Inc.*, 1 B.R. 274 (Bkrtcy.S.D.Fla.1979).

Plaintiff argues that the silver bars which it delivered never became the property of the debtor. I disagree.

In *Country Club Casuals,* the debtor's factor transmitted $100,000 electronically to the debtor's Miami bank on the day of bankruptcy through a clerical error. The payments were intended for two other, unrelated clients of the factor located in other cities. The clerk had used the wrong form while encoding instructions to the computer of its bank. The error was discovered that day and the funds were readily traced to the debtor's account where they were immobilized pending this court's decision in that case. No other equity intervened. I agreed with the factor that the misdelivered money became impressed with a constructive trust and ordered its return to the factor, rejecting the contention of a bank that it had a right to a set-off against those funds.

In both cases, the debtor was the beneficiary of a clerical error by another party. In *Country Club Casuals,* the error was discovered and traced to specific funds which could be restored to the other party before any other equity intervened. In this case, the fabrication and delivery of every silver bar shipped to the debtor by the plaintiff was intended. The effect of plaintiff's clerical error was to permit shipment before it had received payment. As a result of its error, plaintiff became a general creditor rather than a vendor who had already been paid for the goods shipped. I cannot agree with the plaintiff that it did not sell the identifiable silver bars to the debtor.

Furthermore, the imposition of a constructive trust requires that the plaintiff establish some wrongdoing on the debtor's part either in *obtaining* the property or in *retaining* it, if it was properly obtained. There is no such assertion or proof in this case. Plaintiff must also be able to trace the property it claims to be subject to the constructive trust. Plaintiff is clearly unable to do so in this case. For these additional reasons, I reject plaintiff's contention that it is entitled to complete satisfaction of its claim. *Matter of Kennedy & Cohen, Inc.,* 612 F.2d 963, 965 (5th Cir. 1980).

As is required by B.R. 9021(a), a separate judgment will be entered dismissing the complaint with prejudice. Costs may be taxed on motion.