**In the Matter of Herman Gerald KELDERMAN, Debtor.**

**Bankruptcy No. 83–1439–C.**

United States Bankruptcy Court, S.D. Iowa.

May 26, 1987.

Bruce E. Bergman, Des Moines, Iowa, for debtor.

David A. Erickson, West Des Moines, Iowa, Trustee.

Jon P. Sullivan, Des Moines, Iowa, for Norwest Bank Des Moines.

## MEMORANDUM OF DECISION AND ORDER

LEE M. JACKWIG, Bankruptcy Judge.

On January 21, 1987 a motion for reconsideration of order for payment of dividends filed on behalf of Norwest Bank Des Moines, National Association (Norwest) on September 12, 1986 came on for telephonic hearing before this court in Des Moines, Iowa. Jon Sullivan appeared on behalf of Norwest. David Erickson, the Chapter 7 trustee, appeared on behalf of himself. At the close of the hearing the parties were given three weeks to submit briefs. The matter was considered fully submitted on February 10, 1987.

Norwest seeks reconsideration of the court's August 12, 1986 order for payment of dividends and to require the trustee to recover the dividends already paid to other creditors. Apparently, a proof of claim was file-stamped on behalf of Norwest on November 9, 1983 in the amount of $80,-296.82 but never reached the court file or the claims register maintained by the clerk of the bankruptcy court. Not finding the proof of claim in the file, the Chapter 7 trustee omitted Norwest from the final report, account and petition for allowance, distribution and discharge as well as the order for payment of dividends. Accordingly, Norwest did not receive notice of the final report or dividend payment on its claim. As noted by another bankruptcy court "[t]he only thing striking about the facts of this case is given the staggering number of bankruptcy cases filed every year, the problem now before the Court does not occur much more often." *See In re Frontier Enterprises, Inc.,* 70 B.R. 356, 357 (Bankr.C.D.Ill.1987).

In support of its motion for reconsideration of the order for payment and to recover excess payments Norwest relies upon 11 U.S.C. section 502(j), which provides:

A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. Reconsideration of a claim under this subsection does not affect the validity of any payment or transfer from the estate made to a holder of an allowed claim on account of such allowed claim that is not reconsidered, but if a reconsidered claim is allowed and is of the same class as such holder's claim, such holder may not receive any additional payment or transfer from the estate on account of such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other holder. This subsection does not alter or modify the trustee's right to recover

from a creditor any excess payment or transfer made to such creditor.

Bankruptcy Rule 3008 also provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." The above version of section 502(j) as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 is applicable only to cases filed on or after October 9, 1984. Pub.L. No. 98–353 section 553, 98 Stat. 333, 392 (1984). The instant case was filed on October 13, 1983. Thus, the court must look to section 502(j) as it existed prior to the 1984 Amendments.

Section 502(j) of the Bankruptcy Reform Act of 1978 read as follows:

(j) Before a case is closed, a claim that has been allowed may be reconsidered for cause, and reallowed or disallowed according to the equities of the case.

This version of section 502(j) essentially tracks with former section 57(k) of the Bankruptcy Act of 1898. Missing, however, is the language, now present in the 1984 amended section 502(j), recognizing the trustee's right to recover from a creditor any excess payment of dividends. Such a right to recover apparently stems from section 57(*l*) of the Act which provided in relevant part "the trustee may also recover any excess dividend paid to any creditor. The court shall have summary jurisdiction of a proceeding by the trustee to recover any such dividends." Courts have read former section 57(k) and 57(*l*) together and have required the weighing of the equities of the particular case before ordering repayment of erroneously paid dividends. *See In re Jules Meyers Pontiac, Inc.*, 779 F.2d 480, 482 (9th Cir.1985); *In re Madden*, 388 F.Supp. 47, 51–52 (D.Idaho 1975).

Beyond this implied grant of authority to reconsider an order of payment and to authorize recovery of excess payments, bankruptcy courts have an "ancient and elementary power" to reconsider prior orders. *Breille Associates v. Graziano*, 685 F.2d 109, 111 (3rd Cir.1982) *citing In re Pottasch Bros. Co.*, 79 F.2d 613, 616–17 (2nd Cir.1935); *see also In re Yagow*, 62 B.R. 73, 78 (Bankr.N.D.1986); *In re F/S Com-munications Corp.*, 59 B.R. 824, 825 (Bankr.N.D.Ga.1986). In deciding whether to reconsider a prior order, courts apply the standards for relief from a judgment or order set forth in Federal Rule of Civil Procedure 60(b), incorporated by reference in Bankruptcy Rule 9024. Under Fed.Rule 60(b) relief may be granted on the basis of "mistake, inadvertence, surprise, or excuseable neglect", "newly discovered evidence", or "any other reason justifying relief from the operation of the judgment." It is well settled that relief from a judgment or order under this rule is addressed to the sound discretion of the court, which may apply equitable principles in the exercise of that discretion. *See Karen-Richard Beauty Salon v. Fontainbleau Hotel*, 36 B.R. 896, 899 (S.D.Fla.1983).

Examination of the equities of this case leads the court to conclude that reconsideration of the order for payment of dividends is appropriate. This is not a case where blame can be cast on any one party alone. Norwest timely filed its proof of claim, as indicated by the file-stamped copy and affidavit attached to the instant motion for reconsideration. Norwest could then rightfully assume that its proof of claim would be placed in the file and noted on the claims register. *See In re Frontier Enterprises, Inc.*, 70 B.R. at 360. No further action was required on the part of Norwest as its claim would be deemed allowed unless an objection was made pursuant to 11 U.S.C. section 502(a).

Likewise, there is no evidence in the record indicating that the Chapter 7 trustee failed to perform the duties enumerated in 11 U.S.C. section 704. While a letter attached to Norwest's motion indicates that Norwest informed the trustee that it had filed a proof of claim in the instant case and in the companion case of Lawrence Kelderman, the trustee stated at the time of the hearing that the letter was found in Lawrence Kelderman's case when the trustee subsequently prepared his final report in that case. (Copies of other correspondence to which Norwest's counsel referred were not submitted for the court's review.)

Finally, the bankruptcy clerk's office, although in charge of receiving and docketing the various filings in bankruptcy cases, is not infallible. As noted at the outset, given the high volume of filing in this district, it is most surprising that more incidents of misfiling do not take place. This case was undoubtedly complicated by the facts that the debtor's brother, Lawrence Kelderman, filed a bankruptcy petition on the same date and that the cases were assigned consecutive numbers. Moreover, the proof of claim filed by Norwest in this case was identical to the claim filed in the debtor's brother's case and was based on the brothers' joint and several liability on a promissory note and guarantee.

The omission of Norwest's claim from the court file and from the subsequent distribution order meant that nine unsecured creditors shared in $12,286.75 and each received a dividend of over 95 percent of their claim. If Norwest's $80,296.82 claim had been allowed in full, Norwest estimates it would have received a dividend of approximately $10,500.00. Payment of this dividend would have significantly altered the amount payable to the other unsecured creditors. While these creditors are not at fault in any way, they received dividends far in excess of what they would have received if Norwest's claim had been allowed and included in the final report. Accordingly, to deny reconsideration of the order for payment of dividends would result in an undeserved windfall to these other creditors and a denial of Norwest's claim without the benefit of notice and a hearing. *See In re Frontier Enterprises, Inc.,* 70 B.R. 356, 359 (Bankr.C.D.Ill.1987); *In re Resources Reclamation Corp. of America,* 34 B.R. 771, 773 (9th Cir.B.A.P. 1983); *In re Washington County Broadcasting, Inc.,* 10 C.B.C. 742, 744 (Bankr.N. C.1984).

WHEREFORE, based on the circumstances of the case, the court finds that mistake, inadvertence and excuseable neglect justify relief from the operation of the order for payment of dividends pursuant to Federal Rule 60(b) and constitute cause for reconsideration pursuant to 11 U.S.C. section 502(j).

THEREFORE, in an effort to do equity for all concerned, the order for payment of dividends filed August 12, 1986 is hereby vacated.

IT IS ORDERED that the claim filed on behalf of Norwest shall be included in the claims register and any party in interest may object to the claim pursuant to section 11 U.S.C. section 502 within 30 days of the date of this order.

IT IS FURTHER ORDERED that the trustee shall file an amended final report, account and petition for allowance, distribution and discharge. If necessary, the trustee shall commence an adversary proceeding pursuant to Bankruptcy Rule 7001(1) to recover excess dividends paid to creditors.