**In re Mark Allen CROTTS, Tamara Sue Crotts, Debtors.**

**Bankruptcy No. 87–01728–N.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

July 11, 1988.

Alexander P. Smith, Smith and Tolerton, P.C., Norfolk, Va., for debtor.

John E. Robins, Jr., Hampton, Va., Trustee.

Joan F. Martin, Williams, Worrell, Kelly & Greer, P.C., Norfolk, Va., for Doub.

Debera F. Conlon, Office of the U.S. Trustee, Norfolk, Va.

## OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

This matter comes before this Court by motion of Robert Doub seeking redistribution of payments already made to creditors so that the ends of justice and equity may be served.

The facts leading to this motion are as follows. In August, 1986, Robert Doub (Doub) temporarily entrusted his 1985 Volkswagen Scirroco (the car) to Tamara Sue Crotts. Title to the car was transferred to Mrs. Crotts to facilitate the obtaining of proper insurance. When Doub asked for the return of the car, Mrs. Crotts refused, claiming that the car was a gift. In a detinue action, adjudicated in April 1987, in the Norfolk Circuit Court, Doub was awarded possession of the car or the alternative monetary value. During May and June Doub unsuccessfully attempted to recover the car through writs of possession and fieri facias. These attempts were stayed by Mrs. Crotts and her husband filing a Chapter 13 petition on June 16, 1987. The Chapter 13 plan indicated that the Crotts intended to partially fund their plan with $4,000.00 from the proposed sale of the car.

On July 8, 1987, Doub filed a motion for reclamation seeking recovery of the car. He asserted that the car was not property of the estate and that the debtor and the Chapter 13 trustee were obligated by the detinue judgment order to return the car to him. The response of the debtor indicated that the car had been sold and that Doub would be treated as an unsecured creditor for the monetary value of the judgment order.

On August 11, 1987, at the debtors confirmation hearing, counsel for the debtor represented to the court that on August 10th an amended plan had been filed resolving Doub's objection and showing Doub as a secured creditor for $4,000.00 and an unsecured creditor for $3,548.00. Leave was granted to re-notice the creditors.

On September 16, 1987, Doub's attorney wrote to the debtors' attorney, with a copy to the trustee, stating that Doub would not object to the amended plan provided he recovered his $4,000.00 in full. The amended plan was confirmed on October 1, 1987, with debtor's attorney representing to the court that Doub's motion had been resolved.

On January 4, 1988, having received no distribution under the plan, Doub's attorney wrote to the trustee inquiring about the case. After several unfruitful telephone conversations with the trustee over a three month period, Doub's attorney learned that disbursements had been made to creditors with timely filed claims and that Doub did not receive any disbursements because of his failure to file a claim. The trustee further informed Doub's attorney that if Doub filed a claim, he would allow it and make disbursements accordingly out of remaining funds. The trustee refused, however, to recover any distributions already made.

Mrs. Crotts voluntarily converted the plan to a Chapter 7 liquidation on May 8, 1988, after failing to make any payments after January. An accounting shows assets of $4,680.00 ($4,000.00 from the sale of

Doub's car) with an undistributed balance of $789.75.

■ The threshold issue for resolution by this court is Doub's assertion that the debtor and trustee were "trustees" under a constructive trust impressed on the car as a result of the detinue judgment awarding ownership and possession to Doub. Whether or not a [constructive] trust has been established is a matter of state law. *In re American Intern. Airways, Inc.*, 44 B.R. 143, 146 (Bankr.E.D.Penn.1984) (citing *In re Minton Group, Inc.*, 28 B.R. 774, 783 (Bankr.S.D.N.Y.1983)). In 1847 the Virginia Supreme Court established the basis of a constructive trust [as] fraud, actual or constructive, so a court of equity "will not be astute to charge a constructive trust upon one who has acted honestly and paid a full and fair consideration without notice or knowledge." *Mundy v. Vawter*, 44 Va. (3 Gratt) 518 (1847). The court further elaborated on this by stating:

> [w]henever legal title to property, real or personal, has been obtained through actual fraud, misrepresentation, concealment, ... or other similar circumstances which render it unconscientious for the holder of legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitablly entitled to the same.

*Va. Pocahontas Coal Co. v. Lambert*, 107 Va. 365, 58 S.E. 561 (1907). Here, there is clearly a constructive trust impressed on the car as a result of the detinue judgment order. Mrs. Crotts was under an equitable duty to convey the car to Doub even though title was still in her name. *Leonard v. Counts*, 221 Va. 582, 272 S.E.2d 190, 195 (1980).

However, before the car could be recovered by Doub, the debtor filed a Chapter 13 bankruptcy petition claiming the car as estate property. The Bankruptcy Court has long recognized and accorded deference to constructive trusts. "The filing of a petition in bankruptcy does not modify the equitable rights of the parties, and all obligations of a legal or equitable nature remain undisturbed thereby." *In re Wyatt*, 6 B.R. 947, 954 (Bankr.E.D.N.Y.1980) (citing *Hurley v. Atchison, Topeka & Santa Fe Railroad Company*, 213 U.S. 126, 29 S.Ct. 466, 53 L.Ed. 729 (1909)). The Bankruptcy Code, 11 U.S.C. § 541(d), states:

> [p]roperty in which the debtor holds ... only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtors legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

In explaining the scope of § 541, the Senate Report on this section of the Code states clearly that the trustee "could take no greater rights than the debtor himself had." S.Rep. No. 989, 95th Cong., 2d Sess. 82, *reprinted in* 1978 U.S.Code Cong. & Ad.News, 5787, 5868. "The report proceeded to declare that this limitation upon the rights of the trustee applied particularly to property held in trust." *Mid Atlantic Supply v. Three Rivers Aluminum Co.*, 790 F.2d 1121, 1124 (4th Cir.1986). The courts have authoritatively construed § 541 in conformance with the legislative history. *Selby v. Ford Motor Co.*, 590 F.2d 642, 648–649 (6th Cir.1979); *Matter of Kennedy & Cohen, Inc.*, 612 F.2d 963, 966 (5th Cir. 1980). "When a debtor holds only bare legal title as a consequence of [sic] imposition of a constructive trust, then it is only bare title which becomes property of the estate under § 541." *Wyatt, supra*, at 954. "Legal title alone has been held to be of no value to the estate and the debtor will be required to reconvey the property or its substitute to the beneficial owner." *In re Shepard*, 29 B.R. 928, 932 (Bankr.M.D.Fla. 1983).

Clearly, then, the debtor and the trustee were required to convey the car to Doub. Based on this, Doub filed his motion for reclamation on July 7, 1987, believing this to be the proper procedure for the recovery of his car. (As per 11 U.S.C. § 554(b) and Bankruptcy Rule 6007(b)). *See also In re Loiselle*, 1 B.R. 74 (Bankr.D.R.I.1979) which finds that Rule 608, Rules Bankr. Proc. (applicable under the Bankruptcy Act and predecessor to current Bankruptcy Rule 6007), provides that a motion is an

acceptable procedure by a party in interest for the recovery of property which has no equitable value to the estate.

However, unknown to Doub or his counsel, the debtors sold the car on June 24, 1987, in violation of Bankruptcy Rules 2002(a) and 6004(a). The debtors further failed to file a statement of the sale pursuant to Rule 6004(f). A portion of the proceeds of the sale, ($4,000.00), was turned over to the trustee to fund the debtor's Chapter 13 plan, the balance being declared as a personal exemption. Doub argues that the proceeds were similarly impressed with the constructive trust. The courts have held that under federal law funds must be directly traceable into the bankrupt's estate in order for a constructive trust to attach. *Kennedy & Cohen, supra,* at 966. Here that clearly is the case. The debtors have declared the car as the source of the $4,000.00 paid into their plan. This court, therefore, finds that the car and the funds from its sale are impressed with a constructive trust as a result of the detinue judgment order and that the debtor and the trustee held the car and proceeds in trust for the benefit of Doub.

 Unfortunately, Doub's quest for equitable justice does not end here. Believing the matter settled by the confirmed amended Chapter 13 plan which provided for the payment of the funds Doub realistically expected to recover, Doub awaited distribution. As noted in the facts, the distribution to Doub never materialized and we are faced with the issue of determining the propriety of requiring the trustee to recover the distributions already made and to redistribute them in accordance with this opinion. The courts have established that the beneficiary of a constructive trust is entitled to receive priority payment, as to assets traceable into the estate, ahead of all other distributions. *Kennedy & Cohen, supra,* at 965. The courts have additionally found that in cases where distributions have been made in error or improperly the court can require the recovery of all distributions necessary to correct the error. *Matter of Kelderman,* 75 B.R. 69 (Bankr.S. D.Iowa 1987). The Court concurs in these holdings. In our efforts to do equity we find that Doub is entitled to recover the full proceeds from the sale of the car that are traceable to the bankrupt's estate, ($4,000.00).

The trustee has asserted the defense of laches. The Court finds that Doub was diligent in pursuit of this remedy and that no prejudice to the trustee or the creditors will occur as a result since they will receive distributions of no less than they were entitled to had the car and, subsequently, the proceeds been properly excluded from the estate. Therefore, the elements of laches are not present.

The Court, therefore, ORDERS that the Order confirming the amended Chapter 13 plan of the debtors is vacated and FURTHER ORDERS the trustee to recover all distributions made and redistribute them in accordance with this Opinion.