In re Johnny E. FAIR, d/b/a Mrs. Fair's Finer Foods, Debtor.

DIMARE HOMESTEAD, INC., Cal–West Produce Enterprises, Inc., Coast Citrus Distributors, Inc., d/b/a Coast International, Pacific International Marketing, Inc., and Senini Arizona Inc., a/t/a Senini Farming Company, Plaintiffs,

v.

Johnny E. FAIR, d/b/a Mrs. Fair's Finer Foods, George B. Hughes, Sr., Robert E. Kramer, Davis Hamilton, Lawrence Borns, Thomas LaChance, Clock Restaurant, Inc., Wellington Foods, Inc., Barnett Bank of Lake County, N.A., Charles W. Grant, Trustee, and Delores Everette, as Director and Trustee for Everette's Farm Fresh Fruit & Produce, Inc., d/b/a Everette's Farm Fresh Produce, Inc., a dissolved corporation, Defendants.

Bankruptcy No. 89–2919–3P7.
Adv. No. 90–304.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 18, 1991.

Jeffrey R. Sonn, Coral Gables, Fla., for plaintiffs Cal–West Produce Enterprises, Pacific International Marketing, Inc., Coast Citrus Distributors, Inc., and Senini Arizona Inc.

Michael S. May, Deland, Fla., for defendant Johnny E. Fair.

Armistead Ellis, Jr., Daytona Beach, Fla., for defendants George B. Hughes, Sr., Robert E. Kramer, Davis Hamilton, Lawrence Borns, and Thomas LaChance.

Steven Judson, Leesburg, Fla., for defendant Barnett Bank of Lake County.

Andrew B. Hellinger, Miami, Fla., for plaintiff Dimare Homestead, Inc.

Charles W. Grant, Chapter 7 trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon the Amended Complaint of Dimare Homestead, Inc., Cal–West Produce Enterprises, Inc., Coast Citrus Distributors, Inc., Pacific International Marketing, Inc., and Senini Arizona, Inc. seeking to establish and enforce a trust under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e et seq. ("PACA").

On July 9, 1991, a Partial Final Judgment was entered against defendant Johnny E. Fair establishing his liability and the corresponding amounts due to each plaintiff.

Clock Restaurant, Inc. was dismissed from this proceeding by order dated July 11, 1991.

Defendant Charles W. Grant was dismissed by Order dated July 18, 1991.

Barnett Bank of Lake County was dismissed by Order dated July 18, 1991, as amended August 14, 1991.

Defendant Wellington Foods, Inc. filed a notice of bankruptcy July 25, 1991, staying any further proceeding against that entity.

Delores Everette never filed an answer and was voluntarily dismissed on August 27, 1991.

On July 29, 1991, the Court granted Partial Summary Judgment on the issue of liability against defendants Lawrence Borns, Thomas LaChance, and George B. Hughes, but denied partial summary judgment on the issue of liability of defendants Robert E. Kramer and Davis Hamilton.

A trial was held on August 14, 1991, to determine the damages, as well as the liability of defendants Kramer and Hamilton.

After the conclusion of the trial and upon the stipulation of the parties, Lawrence Borns was dismissed by Order dated October 17, 1991.

Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

Plaintiff, Dimare Homestead, Inc. f/k/a Florida Tomato Packers, Inc. ("Dimare"), a Florida corporation with its principal place of business in Homestead, Florida, is a grower and seller of agricultural commodities.

Plaintiff, Cal–West Produce Enterprises, Inc. ("Cal–West"), a California corporation with its principal place of business in Salinas, California, is engaged in the business of buying and selling wholesale quantities of fresh fruit and vegetables.

Plaintiff, Coast Citrus Distributors, Inc. d/b/a Coast International ("Coast"), a California corporation with its principal place of business in San Diego, California, is engaged in the business of buying and selling wholesale quantities of fresh fruit and vegetables.

Plaintiff, Pacific International Marketing, Inc. ("Pacific"), a California corporation with its principal place of business in Salinas, California, is engaged in the business of buying and selling wholesale quantities of fresh fruit and vegetables.

Plaintiff, Senini Arizona, Inc. a/t/a Senini Farming Company ("Senini"), an Arizona corporation with its principal place of business in Yuma, Arizona, is in the business of buying and selling wholesale quantities of fresh fruit and vegetables in interstate commerce.

Defendant Johnny E. Fair, an individual doing business as Mrs. Fair's Finer Foods, was a dealer and commission merchant of perishable agricultural commodities operating subject to PACA. Defendant Fair is also a chapter seven debtor in the United States Bankruptcy Court, Middle District of Florida, Jacksonville division.

Defendant George B. Hughes, Sr. is a plaintiff in Civil Action 89–5180 CA 01, Circuit Court of Volusia County, Florida, where the School Board of Seminole County, Florida, and others are defendants.

Defendant Robert E. Kramer is the alleged holder of an assignment dated May 16, 1989, of all payments due from the School Board of Seminole County, Florida, to Mrs. Fair's Finer Foods subsequent to May 16, 1990.

Defendants Davis Hamilton and Thomas LaChance are individuals over the age of eighteen and residing in Volusia County, Florida.

Plaintiffs are unpaid suppliers or sellers of perishable agricultural commodities who sold such commodities to defendant Fair. The evidence reveals that defendant Fair failed to pay for such goods and breached the statutory trust created by PACA.

As established in the July 29, 1991, Partial Summary Judgment, plaintiffs timely perfected their rights to trust benefits under PACA in the following amounts:

| | |
|---|---|
| Cal–West | $ 7,060.00 |
| Coast | $46,088.00 |
| Dimare | $51,844.27 |
| Pacific | $13,330.40 |
| Senini | $20,337.75 |

Defendant Fair testified that his business was partially financed by loans from defendants Hughes, LaChance, and Borns who represented themselves as part of a syndicate or group of money lenders. In return, Fair either assigned or sold his interest in Mrs. Fair's Finer Foods' accounts receivable to the three men. Thus, the three defendants received assets impressed with the statutory trust created by PACA.

Defendant Kramer received a total of $6,550.00 as attorney's fees for his work regarding the transactions and defendant Hamilton was paid a $29,500.00 brokerage fee. Such fees were deducted from the purchase price and Fair received the remaining proceeds. Accordingly these fees were derived from Fair's account receivables and are also part of the statutory trust.

Subsequent to the transaction, LaChance, Hughes, and Borns collected Fair's account receivables through Kramer's office. They collected $248,875.00 and loaned Fair a total of $183,400.00, the difference being $65,475.00.

## CONCLUSIONS OF LAW

PACA regulates trading in interstate commerce of perishable agricultural commodities and attempts to protect suppliers and sellers from the abnormal risk of loss associated with receivers and buyers who

pay slowly, if at all. 49 Fed.Reg. 45735 (Nov. 20, 1984). The applicable PACA provision reads as follows:

(c) Trust on commodities and sales proceeds for benefit of unpaid suppliers, sellers, or agents; preservation of trust; jurisdiction of courts

. . . . .

(2) Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2).

■ Accordingly, PACA creates a non-segregated floating trust comprised of all perishable commodities of the receiver/buyer along with account receivables and proceeds from the sale of such commodities. 7 C.F.R. § 46.46(c). The trust is held for the benefit of unpaid suppliers and sellers and, thus, the assets included in the trust are not property of the bankruptcy estate. *In re Norman's Country Market, Inc.,* 98 B.R. 47, 49 (Bankr.N.D.Fla.1989); *In re Fresh Approach, Inc.,* 51 B.R. 412 (Bankr.N.D.Tex.1985); *In re Super Spud, Inc.,* 77 B.R. 930 (Bankr.M.D.Fla.1987).

■ The Act also provides that in order to preserve their rights under the trust, the suppliers and sellers must timely give written notice of intent to preserve trust benefits to both the receiver or buyer and the Secretary. 7 U.S.C. § 499e(c)(3). The plaintiffs established compliance with this requirement in the Partial Summary Judgment dated July 18, 1991.

Thus, a constructive trust consisting of defendant Fair's perishable commodities, as well as accounts receivables and proceeds from the sales of such commodities, was created for the benefit of the plaintiffs who timely perfected their trust rights.

The regulations under PACA further require the receiver/buyer to maintain and preserve the trust:

(e) Trust Maintenance. (1) Commission merchants, dealers and brokers are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities. Any act or omission which is inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of Section 2 of the Act, (7 U.S.C. 499b).

7 C.F.R. § 46.46(e). The regulations further define dissipation in terms of prejudicing or impairing the suppliers and sellers in their efforts to collect debts arising from the sale of perishable commodities. 7 C.F.R. § 46.46(a)(2).

■ In the case at hand, defendant Fair dissipated the trust assets by selling the accounts receivable to defendants LaChance, Borns, and Hughes. As the trust beneficiaries, plaintiffs have a statutory right to recover the trust assets, whether in the possession of the defendant Fair or the other defendants. *See generally, In re Super Spud, Inc.,* 77 B.R. 930 (Bankr. M.D.Fla.1987); *In re Norman's Country Market, Inc.,* 98 B.R. 47 (Bankr.N.D.Fla. 1989); *In re Richmond Produce Co., Inc.,* 112 B.R. 364 (Bankr.N.D.Cal.1990); and *In re Al Nagelberg and Company, Inc.,* 84 B.R. 19 (Bankr.S.D.N.Y.1988).

■ Defendants LaChance and Hughes collected $248,875.00 of Fair's accounts receivable pursuant to their assignment and loaned Fair a total of $183,400.00. The difference, $65,475.00, is the amount of PACA trust assets found to have been collected by defendants LaChance and Hughes. Accordingly, defendants LaChance and Hughes hold that amount in trust for the PACA beneficiaries.

■ The evidence indicates that defendants LaChance and Hughes represented to Fair that they were part of a syndicate or group of money lenders and, thus, were partners.

Florida Statute § 620.63 provides that "All partners are liable (1) Jointly and sev-

erally for everything chargeable to the partnership under ss. 620.62 and 620.625 [dealing with wrongful acts and breaches of trust by partners]." Accordingly, under Florida law defendants LaChance and Hughes are jointly and severally liable as partners for the $65,475.00 in trust assets that they collected.

■ As to defendant Kramer, any attorney's fees he received were impressed with the PACA trust. *See In re Harmon*, 11 B.R. 162 (Bankr.N.D.Texas 1980) (law firm's retainer which was paid from proceeds of livestock was subject to Packers and Stockyards Act's statutory trust on behalf of unpaid cash sellers). Accordingly, the $6,550.00 he received is subject to the PACA. Similarly, the $29,500.00 the defendant Hamilton received as a broker's commission is also included within the PACA trust.

■ Plaintiffs argue that they are entitled to recover attorney's fees, costs, and interest. In *In re Milton Poulos, Inc.*, 107 B.R. 715 (9th Cir. BAP 1989), the Court upheld the bankruptcy court's refusal to allow similar expenses. The Court noted that 7 U.S.C. § 499e(c)(2) provides no specific entitlement to fees and costs. *Id.* at 719. Accordingly, the Court held that Congress did not intend for such an award to be automatically included as part of the trust. *Id.* at 719. *See also In re Richmond Produce Co., Inc.*, 112 B.R. at 376.

Concluding that the statute does not authorize the award of attorney's fees, costs, or interest, the Court finds that such an award would unfairly reduce estate assets at the expense of other creditors and, thus, denies the request for such expenses.

A separate Final Judgment in favor of plaintiffs will be entered.

### FINAL JUDGMENT

Upon the Findings of Fact and Conclusions of Law separately entered, it is

ORDERED:

1. Final judgment is entered in favor of plaintiffs, Dimare Homestead, Inc., Cal–West Produce Enterprises, Inc., Coast Citrus Distributors, Inc., Pacific International Marketing, Inc., and Senini Arizona, Inc., and against defendants, George B. Hughes, Sr., Thomas LaChance, Robert E. Kramer, and Davis Hamilton.

2. Pursuant to 7 U.S.C. § 499e(c)(2), the $65,475.00 of account receivables that defendants LaChance and Hughes collected in excess of the amount they loaned is impressed with the statutory trust. Under Florida Statute § 620.63 defendants LaChance and Hughes are jointly and severally liable to plaintiffs for such amount.

3. Pursuant to 7 U.S.C. § 499e(c)(2), the $6,550.00 received by defendant Kramer as attorney's fees is part of the statutory trust.

4. Pursuant to 7 U.S.C. § 499e(c)(2), the $29,500.00 received by defendant Hamilton as a broker's fee is part of the statutory trust.

5. The plaintiffs' request for allowance of fees, costs, and interest is denied.

6. Plaintiffs may secure execution against the defendants forthwith.