**In re THE LANDING, Debtor,**

**Ralph W. KALISH, Jr., Individually and as guardian of Manning W. Kalish, Powell W. Kalish and Graham W. Kalish and Dorothy Meissner, Plaintiffs,**

**v.**

**THE LANDING, Defendant.**

**Bankruptcy No. 92–20384–172.**
**Adv. No. 93–2014–172.**

United States Bankruptcy Court,
E.D. Missouri, N.D.

Nov. 16, 1993.

Vicki A. Dempsey, Hannibal, MO, for Operating Trustee.

Charles E. Rendlen, III, Hannibal, MO, for Creditors' Committee.

Michael A. Clithero, St. Louis, MO, for plaintiffs.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matter being determined here is the Motion For Summary Judgment filed by Fredrich J. Cruse, Operating Trustee for The Landing, a Missouri Limited Partnership which is the Debtor in this Chapter 11 case and the Defendant in this Adversary Proceeding.

On June 29, 1993, Ralph W. Kalish, Jr., Individually and as guardian of Manning W. Kalish, Powell W. Kalish and Graham W. Kalish and Dorothy Meissner ("Plaintiffs") filed this Adversary Complaint asking the Court for equitable relief including the imposition of a constructive trust on all of the assets of this estate. The basis for the imposition of the trust is the Plaintiffs' allegation that certain property was transferred from one limited partnership (Option I) to another limited partnership (this Debtor) without the knowledge or approval of investors. The duly appointed Operating Trustee ("Trustee") in this case filed an answer on behalf of the Debtor as the sole Defendant, and has otherwise prosecuted the defense of this Complaint.

This is a core proceeding pursuant to Section 157(b)(2)(A) and (O) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), applicable here through Rule 7056 of the Federal Rules of Bankruptcy Procedure ("FRBP"), summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Plaintiffs are a group of individual and business limited partners in Option I, a Debtor in a separate Chapter 7 case. Individually and on behalf of a law firm's pension and profit sharing fund, the Plaintiffs invested approximately $392,000 in Option I. The Plaintiffs allege that the limited partners in Option I purchased limited partnership interests in Option I worth in excess of $2,000,000.

Stephen Isserman was the general partner of several limited partnerships, including Option I and The Landing ("Debtor"). He is not a named party to this Adversary Proceeding. The Plaintiffs allege that Isserman, either fraudulently or in breach of his fidu-ciary duty, transferred funds from the Option I brokerage account to other limited partnerships and other bank accounts, and eventually used these funds to purchase goods and services for the Debtor. Plaintiffs also allege that these transfers were not consistent with the stated goals of Option I and were an unreasonable and over-concentrated investment of Option I funds.

If allowed, the Plaintiffs' claims against this Debtor individually or on behalf of the separate Chapter 7 Debtor, Option I, are general unsecured claims. The Plaintiffs contend that as a result of Isserman's allegedly fraudulent transfers from Option I to the Debtor, a constructive trust should be imposed on the assets of the Debtor for the benefit of the Plaintiffs. The effect of a constructive trust would be to remove the trust property from the bankruptcy estate of the Debtor for the benefit of the Plaintiffs.

The Operating Trustee contends that these Plaintiffs are not the proper parties to bring this action; that the Debtor is not the wrongdoer in the actions described in the Adversary Complaint; and that it is impossible to trace any of the Plaintiffs' money and any of the Option I investments to the Debtor's assets because of a commingling of funds among various entities created by or operated by Steven Isserman. Therefore, the Operating Trustee argues, the request to impose a constructive trust on the Debtor's assets should be denied.

### *Proper Party/Plaintiff*

■ Plaintiffs have relied on Missouri law to support their ability to prosecute this lawsuit on their own behalf. They have cited a Missouri statute that allows limited partners to bring actions when general partners refuse a request to do so. Mo.Rev.Stat. § 359.-571. Plaintiffs state that they have requested the Chapter 7 Trustee in the Option I case to file suit in this matter, but have had no response from him. Therefore, Plaintiffs argue, they are entitled under Missouri law to bring suit on their own behalf as limited partners.

■ Option I is a debtor under Chapter 7 of the United States Bankruptcy Code. Pur-

suant to 11 U.S.C. § 701, a Trustee has been appointed in the Option I case to represent the estate and to administer upon the estate assets. The overriding statutory scheme for the administration of estates, including the collection, liquidation and distribution of assets, is set forth in the Bankruptcy Code. The Bankruptcy Code provides that the Bankruptcy Trustee, as the representative of the estate, has the capacity to sue and be sued. 11 U.S.C. § 323(b). To the extent that state law may conflict with bankruptcy law, the Supremacy Clause of the United States Constitution mandates that the federal statute must control. U.S. Const. art. VI, cl. 2; *see United States v. Randall*, 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971). The pleadings here have not established that the Plaintiffs are entitled to prosecute these actions independently, but rather that the cause of action may be derived from claims that are the property of the Bankruptcy estate of Option I. Therefore, the Option I Trustee is the proper party to bring an action to impose a constructive trust on the assets of the Bankruptcy estate of The Landing for the benefit of creditors of Option I.

■ The Plaintiffs have not shown that although the Option I Trustee has not commenced this action, they are entitled to prosecute the action on behalf of the Option I Chapter 7 estate.

### Constructive Trust under Missouri Law

■ The Missouri law concerning constructive trusts is well settled. Generally, a constructive trust is an extraordinary judicial device employed to prevent fraud or to remedy instances of unjust enrichment. *Suhre v. Busch*, 343 Mo. 679, 123 S.W.2d 8 (1938); *Fix v. Fix*, 847 S.W.2d 762 (Mo.1993) (en banc). A party may establish the right to the imposition of a constructive trust by proving two threshold elements: (i) proof of some form of wrongdoing or fraud, and (ii) evidence indicating that some specific property now in the hands of the alleged wrongdoer can be traced to funds originally in the possession of the claimants. The evidence required to prove the fact of a wrongful taking and the evidence required to trace the funds must be unquestionable in character and so clear, cogent and convincing so as to exclude every reasonable doubt. *Suhre*, 123 S.W.2d at 19.

■ Thus, to impose a constructive trust on the assets of the Debtor in the case being considered here, the Plaintiffs must prove that they were actually or constructively defrauded; and they must trace their funds into the hands of the Debtor. The Plaintiffs allege that Isserman, as a fiduciary of the Kalish & Gilster Profit Sharing Plan, and as the General Partner of the Debtor, fraudulently transferred funds from Option I, and ultimately used them to purchase goods and services for the Debtor. Furthermore, the Plaintiffs argue, Isserman breached his fiduciary duties by failing to hold in trust monies advanced for investment in Option I and instead invested such sums in the Debtor and other related entities. Also, according to the Plaintiffs, Isserman fraudulently concealed the existence of Option I property, including bank accounts, and disposed of Option I property in an attempt to hinder and delay the Plaintiffs in their collection attempts.

■ Upon a consideration of the circumstances presented here, the Court concludes that the alleged wrongdoing is not imputable to the Debtor, and that the Debtor and other entities may have been merely beneficiaries of Mr. Isserman's actions.

■ A central issue in this matter concerns the commingling of funds. The Plaintiffs have contended that if given sufficient time, they will trace their specific funds to the Debtor's assets. However, the Plaintiffs' funds lost their specificity at the beginning of the stream, when they became commingled with other funds that had been or were intended to have been invested with Option I. This commingled money was thereafter transferred from the Option I account into other limited partnership accounts. In these partnership accounts the money was again commingled with other funds prior to being used to purchase goods and services for the Debtor. Although the Operating Trustee has indicated that the Plaintiffs may inspect any and all of the Debtor's records that are in the Operating Trustee's possession, the record does not support Plaintiffs' argument that any funds used for the benefit of this

Debtor were funds that had been originally invested by the Plaintiffs in other entities.

 When a bankruptcy court imposes a constructive trust due to some alleged wrongdoing, the court may order the trustee to turn over the property, subject to the tracing requirement. *Reliance Ins. Co. v. Brown,* 40 B.R. 214, 217 (Bankr.W.D.Mo. 1984). Courts have required plaintiffs seeking the imposition of a constructive trust to present evidence that is clear, cogent and convincing, with no evidence of commingling of funds. *Id.* at 217–218; *Crites v. Sanford,* 609 S.W.2d 244 (Mo.Ct.App.1980)

In *In re Kennedy & Cohen, Inc.,* 612 F.2d 963 (5th Cir.1980), the Fifth Circuit determined that the plaintiff's inability to identify specific trust assets foreclosed the imposition of a constructive trust on bankruptcy assets in view of the statutory scheme of the Bankruptcy Code. The court stated that under federal law the plaintiffs must trace their funds to an identifiable trust in the hands of the trustee. *Id.* at 966.

In the case now before the Court, the Plaintiffs cannot show the existence of a segregated and identifiable trust fund. The Operating Trustee states in his affidavit that in his review of the Debtor's records, there is no account segregating Option I funds, nor is there any record that Option I money was used specifically to purchase or construct any particular asset of the Debtor. *See Affidavit of Fredrich J. Cruse, Operating Trustee,* (No. 93–2014–172). The Plaintiffs filed the affidavit of Randy Rhodes to support their claim that funds of the Debtor may be traced back to funds of Option I. The statements of Mr. Rhodes, which rely solely on concomitant withdrawals of funds from Option I and deposits of funds with the Debtor, fail to substantiate the argument of the Plaintiffs. *See Affidavit of Randy Rhodes,* (No. 93–2014–172). The Court thus finds and concludes that the Plaintiffs are unable to segregate their funds from the funds of other investors in Option I, and are unable to segregate the commingled Option I funds from the funds of other limited partnerships which may have been applied for the benefit of this Debtor. Therefore, the Plaintiffs are unable to satisfy the tracing requirement necessary for imposition of a constructive trust.

 Finally, the Plaintiffs are unable to show that a constructive trust will either prevent the alleged wrongdoer (Steven Isserman) from deriving an unjust enrichment, or require him to provide a remedy to those allegedly defrauded by his actions. Nothing in the record indicates that Isserman will receive an undue benefit or that Plaintiffs will be prevented from attempting to require him to reimburse Plaintiffs from his personal assets if a trust is not imposed on the bankruptcy estate property. *See Reliance Ins. Co. v. Brown,* 40 B.R. at 217 (court upheld imposition of constructive trust on insurance proceeds paid to debtor pre-petition, reasoning that, otherwise, debtor would be unjustly enriched at the expense of creditors by having a non-dischargeable tax claim paid with money fraudulently obtained). Consequently, the Court concludes that imposition of a constructive trust on this Debtor's bankruptcy estate would serve no purpose contemplated by the Code.

In the case currently before the Court, Plaintiffs clearly are unable to trace their specific funds to estate assets, and they have not shown that the imposition of a constructive trust would achieve its intended equitable purpose.

 The practical effect of a constructive trust in a bankruptcy case is to elevate a plaintiff's claims above the claims of all other creditors because assets in a constructive trust are not part of the bankruptcy estate. *See In re Kennedy & Cohen,* 612 F.2d at 965. In the matter being considered here, if such a trust were imposed, the Plaintiffs would receive value before any other creditors of the Chapter 11 estate. The Plaintiffs would also receive a return of their investment in Option I (a separate debtor) ahead of all other creditors in that separate Chapter 7 liquidation proceeding. These results would disrupt the orderly system of distribution of assets established in the Code. The congressionally mandated scheme of priorities is to be respected and enforced by the Bankruptcy Courts.

### Conclusion

The Plaintiffs have requested that a constructive trust be imposed on the assets of a party (the Debtor) that is admittedly not the

wrongdoer, but merely the recipient of goods and services purchased by the alleged wrongdoer in his capacity as general partner of the Debtor. Specific funds have not been traced to the Debtor. There is an absence of clear, cogent and convincing evidence that would exclude reasonable doubt that the Debtor's assets are indeed those of the Plaintiffs. The imposition of a trust will not cause the alleged wrongdoer to convey his property to the Plaintiffs to satisfy the judgment, nor will the non-imposition of a trust result in the unjust enrichment of the alleged wrongdoer. Finally, if Plaintiffs' request for a constructive trust is granted, the Plaintiffs will succeed in circumventing the congressionally mandated scheme of priorities and pro-rata sharing. Therefore,

**IT IS ORDERED** that this matter is concluded; and that the Defendant's Motion For Summary Judgment is granted; and that judgment upon this Complaint is entered in favor of Fredrich J. Cruse, Operating Trustee on behalf of The Landing, Debtor/Defendant, and against Ralph W. Kalish, Jr., individually and as guardian of Manning W. Kalish, Powell W. Kalish and Graham W. Kalish, and Dorothy Meissner, Plaintiffs; and that all requests in Plaintiffs' Complaint are denied; and that costs are to be born by the parties.